Otis Cipperly, Appellee, v. Frank Carmack, Appellant.

Gen. No. 8,140.

594

Heard in this court at the October term, 1929. ▮▮▮ Opinion filed July 19, 1930. Rehearing denied October 15, 1930.

WILLIAM D. KNIGHT and WILLIAM L. PIERCE, for appellant.

HALL & DUSHER, for appellee.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This suit was brought in the circuit court of Winnebago county, by Otis Cipperly, appellee, hereinafter referred to as plaintiff, against Frank Carmack, appellant, hereinafter called defendant, to recover for injuries sustained in a collision in which the car driven by the defendant collided with the car of the plaintiff.

A jury trial was had resulting in a finding in favor of the plaintiff in the sum of $5,000.

Motions for new trial and in arrest of judgment were filed, argued and denied.

Judgment was rendered on a verdict of the jury in favor of plaintiff, and against the defendant, in said sum of $5,000.

The defendant prosecutes this appeal in order to have the record reviewed.

The declaration consists of two counts. The first count charges general negligence; in the second, it is charged that the defendant wilfully and wantonly ran, drove, managed, operated, and controlled his automobile so that on account thereof, the automobile of the

defendant ran into and struck the automobile of the plaintiff and thereby severely and permanently injured the plaintiff, from which he suffered great pain and will continue to do so in the future.

To the declaration the defendant pleaded the general issue and a special plea averring that the plaintiff at the time of the injury was in the employ of Tolmie Brothers, copartners, engaged in the business of erecting, altering, and demolishing structures, and in the construction and excavation work, and engaged in a hazardous business in which statutory and municipal ordinances and regulations were imposed for regulating, guarding, using and placing machinery and appliances, for protection for the safeguarding of its employees; that the plaintiff was injured while engaged in the duties of his employment; that Tolmie Brothers had elected to be bound by the provisions of the Workman's Compensation Act, Cahill's St. ch 48, ¶ 201 *et seq.*, then in force, and that the plaintiff had received and accepted from his employer, payment on account of compensation for such alleged injuries; and that the defendant on the date of said alleged injury, and on the date of the filing of the plea, was engaged in the business of conducting a garage in the City of Rockford, an enterprise in which sharp-edged cutting tools and grinders were used and an enterprise in which statutory or municipal ordinances and regulations are imposed for the regulation, guarding, use and placing of machinery and safeguarding of employees or the public therein, and averring that the plaintiff had no right to bring this action, and that the right of action belonged to his employer at the time under the rules of subrogation.

To the special plea the plaintiff filed a demurrer, which was by the court sustained, and the defendant asked leave to file an amended special plea. The amended special plea filed by the defendant in addi-

tion to what was set up in the first special plea to which a demurrer was sustained, averred that the plaintiff was injured while driving a truck which was the property of Tolmie Brothers, his employer, from the office of the building inspector in the city hall in the City of Rockford, at which office he had been for his employer to consult with the building inspector, with reference to a building permit, and was on his way back to the office of Tolmie Brothers, his employer, when the accident in question occurred and that the injury complained of arose out of, and in the course of, his employment; that said Tolmie Brothers had elected to be bound by the provision of the Workmen's Compensation Act, and that the plaintiff had received and accepted said compensation for said alleged injury from the Tolmie Brothers, and that Tolmie Brothers only could bring the action; that the defendant on the date of the alleged injury was, and at the time of the filing of the plea, engaged in the business of an enterprise in which he conducted a garage at 426 South Church Street, Rockford, Illinois, and storage yard on Charles Street Road on the outskirts of the City of Rockford, and that he is in the business of repairing automobiles and selling used automobiles, and automobile parts; that he employs four men besides himself in said business; that in his garage in the City of Rockford, there is used and operated, an emery operated by electricity and that in his business an electric drill and chain hoist are used; that there is a State law regulating guarding use of the emery wheel and drill, and that there is a certain ordinance regulating the location of garages in the City of Rockford and also an ordinance regulating the storage and use of gasoline in said city; and that the public comes to the garage and storage yard, that the defendant was driving from his garage on South Church Street, Rockford, Illinois, to his storage yard on Charles

Street Road for extra parts for a repair job on which he was working and for extra parts for a purchaser, when the accident in question took place; that it arose out of, and in the course of, his employment and for the reason that plaintiff had accepted compensation from Tolmie Brothers, his employer, he has no right to bring said action, that it belongs to the said Tolmie Brothers, his employer, at the time of the injury, and Tolmie Brothers only, could bring the action.

To this amended special plea the plaintiff filed a general and special demurrer which was sustained.

It will be observed that the plea intermingles the business conducted outside the City of Rockford on a country place with some business averred to be conducted in the City of Rockford; there is nothing shown in the plea that the defendant stored gasoline such as was mentioned in any ordinance. The plea also on its face shows that the defendant was not in such a situation as to be brought within the Workmen's Compensation Act, for it shows conclusively that he was traveling away from his garage and toward his country place at the time the accident happened, and was not in any way engaged in work that would bring him within the act at the time of the injury. The plea also is based upon the ground that the plaintiff had no right to bring this action, for the reason that he had accepted compensation from his employer. The plea also states that the action belongs to Tolmie Brothers. The plea shows that the defendant was conducting his business as an individual and not as a corporation; that he was the employer and not an employee.

We do not understand the rule to be that an employer under such circumstances as set up in the amended special plea could escape liability for his own negligent act, because the business which he was operating was such as would bring him in connection with his employees under the Compensation Act. The

protection of the Workmen's Compensation Act is not available to a negligent third party merely because he happens to be an employer of labor and as to his employees is within the statute. The negligent acts of an employer in the careless operation of an automobile which he was driving, going to and from his place of business, causing injury to an employee of another, are not within the protection of the Compensation Act. *Podgorski v. Kerwin,* 144 Minn. 313, 175 N. W. 694; *Smale v. Wrought Washer Mfg. Co.,* 160 Wis. 331, 151 N. W. 803.

It will further be observed that it is averred in the amended special plea that the plaintiff had accepted compensation from Tolmie Brothers, his employers, and that he had no right to bring this action, that it belonged to the said Tolmie Brothers.

An employee who has been injured by the negligent act of a third person can bring an action to recover therefor, notwithstanding he may have been paid compensation under the Compensation Act. *Gross v. Cuneo Press, Inc.,* 251 Ill. App. 560–563; *Cox v. United States Coal & Coke Co.,* L. R. A. 1918 B, 1118.

The Compensation Act does not purport to protect an employer merely because he is such from acts of personal negligence which he commits to other persons although the other person happens to be employed by a third person who is under the Workmen's Compensation Act. The fact that the business of the employer comes within the act does not change his legal relations towards one injured by his personal negligence entirely away from his place of business.

In order to be within the Workmen's Compensation Act, it is necessary that the accident arise "out of" and "in the course of" the employment. The accident that resulted in the injury to the plaintiff in this proceeding did not arise "in the course of" any employment in which the defendant was engaged nor "in the

course of'' any employment in which the plaintiff was engaged in so far as the defendant was concerned.

We are of the opinion that the court did not commit any error in sustaining the demurrer to the amended special plea. The evidence shows that the defendant was traveling along a busy street in the City of Rockford in his automobile; that he not only ran into the car of plaintiff, but that he struck two other automobiles which were parked on the other side of the street; that the defendant left his own side of the street and went to the opposite side and struck plaintiff's automobile and two other automobiles and then veered across the street to the right side thereof over the curb and up on the sidewalk before he brought his car to a stop. The appellant was traveling in an easterly direction, and he should have been on the southerly side of the street; he was going so fast that to avoid another accident he turned into the north side of the street and the injury to the plaintiff was occasioned.

We have examined the evidence as abstracted. From such an examination we are of the opinion that in so far as the finding of the jury on the question of negligence of the defendant and the due care of the plaintiff, just prior to, and at the time of, the collision that occasioned the injury to the plaintiff, the findings of the jury are sustained by the evidence.

It is urged by the defendant that the court erred in not withdrawing the wilful count of the declaration from the consideration of the jury as the evidence was not sufficient to sustain a finding under said count. The record shows that the instructions given to the jury bearing upon the law of the case, all had to do with the question of the negligence of the defendant and due care on the part of the plaintiff. The question with reference to the wilful and wanton conduct was not submitted to the jury by the instructions.

The rule is that the trial court should not permit the pleadings in civil actions to be taken by the jury when it retires to consider of its verdict and a reviewing court must assume that the court did its duty in this respect and did not allow the pleadings to be taken by the jury when it was sent out to consider of its verdict. *Lerette v. Director General*, 306 Ill. 348–355; *Bernier v. Illinois Cent. R. Co.*, 296 Ill. 464–472. Since the question involved with reference to wilful and wanton conduct was not submitted to the jury by the instructions and as we are to presume that they did not have the pleadings in the case, we think there was no error committed in this respect.

It is next insisted by the defendant that there was a variance between the allegations of the declaration and the proof. The record discloses that at the time the evidence was heard it was not objected to on the ground of variance; that there was no motion to strike the evidence on account of a variance. It was raised in this court for the first time.

The defendant, therefore, is not in a position to raise the question of variance in this court.

The record shows that two juries have passed upon the facts in this case with a finding in each instance in favor of the plaintiff. On the first trial, the jury assessed the plaintiff damages at $50. The plaintiff thereupon moved for a new trial which was granted. On the second hearing, the damages were fixed at $5,000, on which verdict judgment was rendered by the trial court who saw and heard the witnesses. After a careful investigation of the record in this cause, we are of the opinion that no reversible error was committed in the trial thereof and the judgment of the circuit court of Winnebago county will be affirmed, which is accordingly done.

*Judgment affirmed.*