## Florence Huntoon, Appellant, v. Dr. J. E. Pritchard, Appellee.

### Gen. No. 8,880.

Heard in this court at the February term, 1935. Opinion filed May 17, 1935. Rehearing denied June 26, 1935.

SHEARER, O'MALLEY & SEARS, of Aurora, for appellant; FRED B. SHEARER and BARNABAS F. SEARS, of counsel.

ALSCHULER, PUTNAM & JOHNSON, of Aurora, for appellee; EDWARD F. STREIT, of Aurora, of counsel.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

Florence Huntoon, the plaintiff appellant, brought her action in case against J. E. Pritchard, the defendant appellee, to recover damages on account of alleged malpractice on the part of said defendant. To this declaration the defendant interposed a plea to the effect that plaintiff's sole remedy was under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.* The plaintiff interposed a demurrer to this plea which was overruled. Plaintiff elected to stand on said demurrer and a final judgment was entered against her, from which judgment appellant has prosecuted this appeal.

The declaration, after amendment, contained one count. It alleged that the defendant on, to wit: the 5th day of June, 1929, was a physician and surgeon. While he was so exercising said profession, the plaintiff employed and retained him for reward, to attend and treat her for the cure of a certain sickness and malady under which plaintiff was then and there suffering; that the defendant accepted such retainer and employment, and continued treatment for the following 21 days; that at all times she was in the exercise of due care and caution for her own safety, but that the defendant, not regarding his duty, negligently failed and omitted to examine and diagnose plaintiff's condition, etc., and that as a result thereof plaintiff has suffered injury, and damage, etc.

To this declaration, the defendant filed three pleas. The first plea was one of the general issue; the second plea that the plaintiff's cause of action did not accrue within two years prior to the commencement of her suit. The third plea, which is the material one on this appeal, alleged that at the time of the supposed injuries, plaintiff was in the employ of a certain laundry in Aurora, and that the injuries she received were in the course of her employment in said laundry; that the employer and plaintiff had, prior to June 5, 1929, elected to be bound and were bound by the Workmen's Compensation Act of the State of Illinois; and that his attendance on the plaintiff was in an effort to cure her of her said injuries; that plaintiff thereafter made claim upon her employer for compensation and did recover and receive from her employer compensation for the same identical injuries, disability, and impairment of health complained of, in plaintiff's declaration; that plaintiff recovered from her employer during a period of temporary total disability for four weeks and five days, the sum of $11 per week, and recovered for injuries to both hips and spine, a further sum of $1,500; that said recoveries of the plaintiff were pursuant to a settlement with her employer on the rate and basis for compensation allowable to her for her injuries by said Compensation Act; that the recovery of the plaintiff for said temporary total disability and for the said partial disability resulting from injuries to both hips and spine were pursuant to proceedings as provided by the Compensation Act, and pursuant to a settlement contract entered into between plaintiff and employer on or about April 24, 1930. This contract was approved by the industrial commission on said day, and accepted by the plaintiff. Said employer agreed to pay compensation for temporary total disability at the rate of $11 a week for four weeks and five days and for permanent partial

disability the further sum of $5.50 for a period of 270 weeks plus $4, the said settlement contract bearing number 162597 and the lump sum settlement order bearing number 16597 in the files of the industrial commission; that the supposed injuries to the plaintiff in the declaration mentioned are supposed aggravations of the injuries so received by the plaintiff arising out of and in the course of her employment and that said supposed aggravations were merged in the original injuries, and that the payments had and received by the plaintiff pursuant to said proceedings for the industrial commission of Illinois are complete payment and satisfaction to the plaintiff for said injuries complained of, and that said supposed injuries, disabilities, and impairments of health of the plaintiff have been fully atoned for; and this the defendant is ready to verify, and so far as the matters alleged are a matter of record, defendant offers to verify by the record, wherefore plaintiff action is charged, etc.

The plaintiff filed a general demurrer to defendant's third plea, and upon hearing said demurrer was overruled. Subsequently plaintiff made a motion that the court reconsider its previous order overruling plaintiff's demurrer to defendant's third plea, but the court denied said motion and ordered that its previous order stand. Subsequently, plaintiff replied double to said plea, but the replications were withdrawn and plaintiff elected to stand by her demurrer to said third plea. Judgment was then entered in bar of the action and for costs of suit, to which plaintiff excepted.

It is the contention of appellant that the court erred in overruling its demurrer to defendant's third plea because the Compensation Act of Illinois was only intended to affect the relationship existing between employer and employee; that before a person can claim the benefit of said act in discharge of his liability to pay damages, he must be bound to pay compensation

under the act; that a physician and surgeon has no liability to pay compensation under the act and therefore he is not a person bound by the act in the meaning of section 29 thereof; and that, therefore, this plaintiff has, unaltered, her common law right to sue said physician and surgeon for malpractice.

The only question involved in this case is the construction of section 29 of the Workmen's Compensation Law of the State of Illinois, Cahill's St. ch. 48, ¶ 229. Said section 29 is as follows: "Where an injury or death for which compensation is payable by the employer under this act, was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, or being bound thereby under section three (3) of this act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee. Where the injury or death for which compensation is payable under this act, was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this act, but in such case if the action against such other person is brought by the injured employee or his per-

sonal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative: *Provided,* that if the injured employee or his personal representative shall agree to receive compensation from the employer or to institute proceedings to recover the same or accept from the employer any payment on account of such compensation, such employer shall be subrogated to all the rights of such employee or personal representative and may maintain, or in case an action has already been instituted, may continue an action either in the name of the employee or personal representative or in his own name against such other person for the recovery of damages to which but for this section the said employee or personal representative would be entitled, but such employer shall nevertheless pay over to the injured employee or personal representative, all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this act and all costs, attorneys' fees and reasonable expenses incurred by such employer in making such collection and enforcing such liability.'' The facts are fully set forth in the pleadings. Our Supreme Court has not passed on the exact question that is raised in this case. Both appellant and appellee have cited numerous cases from the Supreme Courts of other States, and each contends that their cases cited show conclusively that the law is in their favor. All of the cases cited, both by appellant and appellee, are based on the statute of the particular State in which the litigation arose and most of the cases, therefore, are of little benefit to us in arriving at a proper construction of our own Compensation

Act. Some of the cases, however, seem to be governed by laws similar to the Illinois law.

Our Supreme Court, while it has not passed upon the question now before us, has, in several cases, in construing this act, laid down principles of law that are beneficial to us in arriving at a decision of this case. In the case of *Gones v. Fisher,* 286 Ill. 606, 612, they use this language: "By the express provisions of section 29 above quoted, where the person by whose neglect the injury is caused has elected not to be bound by the act, as alleged in three of the pleas now under consideration, the common law right of action is preserved against him in full. In such case the employee is not put to his election between compensation under the Compensation Act and damages at common law. The common law action and the claim for statutory compensation may be prosecuted at the same time. Said section does not limit the damages which may be recovered in the action at law to the amount of compensation allowed to the employee, but does provide for the indemnification of the employer out of the amount recovered."

In the case of *O'Brien v. Chicago City Ry. Co. of Chicago,* 305 Ill. 244, 252, the court says: "The Workmen's Compensation Act effects a complete change in the rights and liabilities of an employer and his employee in regard to accidental injuries to the employee. The common law action for negligence can no longer be maintained but the statutory remedy, alone, is available. The act makes no reference and has no application to the rights and liabilities of third parties except as those rights and liabilities affect the relative rights of the employer and employee as between themselves. Section 29 deals with cases of this character and only with cases of this character,—cases in which the injury or death was caused under circumstances creating a legal liability for damages on the

part of some person other than the employer. The language of the section assumes that the liability of a person other than the employer, which existed at common law, continues after the adoption of the act, for it is not where the injury or death was caused under circumstances which would have created a legal liability for damages on the part of some person other than the employer but for the passage of this act, but is 'where an injury or death . . . was caused under circumstances creating a legal liability.' Under such circumstances other provisions of the act have imposed on the employer a liability to pay the fixed compensation regardless of the fact that he is wholly guiltless of negligence or of any fault. The employee being entitled, in such case, to recover the full amount of his damages from the person causing the injury by his negligence, a complete equitable adjustment of the rights of the employer and employée, as between themselves, would require that out of the amount so received the employer, who was guiltless of any wrong, should receive indemnification for the compensation which he had advanced. The purpose of section 29 is to require this indemnification of the employer who has not been negligent, out of the recovery against the third person whose negligence caused the injury. It recognizes the division which the act established between employers and employees who are subject to the provisions of the act and those who are not, and establishes a different measure of liability for the negligent third party causing the injury where such third party was subject to the provisions of the act and where he was not. Where the negligent party was subject to the provisions of the act section 29 provided that the measure of his liability should be the damages sustained, not, however, exceeding the compensation payable under the act, and the employer of the injured employee should be subrogated to his employ-

ee's right against the party causing the injury; but where the person causing the injury was not subject to the provisions of the act his liability as it existed before the act was not affected.''

Our Supreme Court in the case of *Keller v. Industrial Commission,* 350 Ill. 390, states: ''That a proceeding to obtain an award under the Compensation Act, as provided in the act, is not an action at law, a suit in chancery or a judicial proceeding of any kind, and the liability of the employer instead of being a liability in tort, is a liability imposed by law and is rather in the nature of an implied contract by reason of the relation of the parties or the existence of an obligation or duty.''

We will now consider the cases relied upon by the appellee. The first one is *Paine v. Wyatt,* 217 Iowa 1147, 251 N. W. 78. In this case the defendant was a regular physician and surgeon, and was, at the time of the suit, engaged in the practice of his profession. The plaintiff sued him for damages for alleged malpractice, for treating certain injuries previously sustained by the plaintiff. The defendant filed a plea of accord and satisfaction, i. e., that the plaintiff received her injuries while employed by the Oliver Farm Equipment Sales Company and said company had, by reason of the Workmen's Compensation law of the State of Iowa, fully compensated her for said injuries. We do not have before us a copy of the Workmen's Compensation Law of the State of Iowa. That court in passing upon the sufficiency of the plea held that the plaintiff was required to elect to pursue one or the other of two remedies. One was to rely upon the compensation law, and hold the employer liable for all the damages for her injuries including any aggravation thereof caused by the treatment of attending physician and surgeon. The other was to sue the physician and surgeon for malpractice, but having elected to hold her employer liable under the Workmen's Com-

pensation Law, she was barred from maintaining a suit for malpractice.

In *Vatalaro v. Thomas,* 262 Mass. 383, 160 N. E. 269, the plaintiff had received an injury in the course of his employment and had been compensated for the same because of the Workmen's Compensation Law in the State of Massachusetts. After the settlement with the employer he brought suit against the attending physician for malpractice. The court, in passing upon the merits of the case, quote from the Workmen's Compensation law, in which it says: "In section 23 it is expressly provided that if the employee accepts payment from the insurer on account of a personal injury, such action shall constitute a release to the insured of all claims and demands at law arising from such injuries." The opinion ends with this statement: "In the opinion of a majority of the court, the acceptance by the plaintiff of compensation under the Workmen's Compensation Act constituted a release to the insurer, all claims and damages at law arising from the injury. Such release bars recovery from the defendant."

The case of *Williams v. Dale,* 139 Ore. 105, 8 P. (2d) 578, also is a suit against a physician for malpractice after the injured employee had accepted compensation from the employer. The court in stating the law applicable to this case used this language: "The aggravated injury caused by the medical or surgical treatment of the injured workman, whether such treatment was skillful or otherwise, became a part of the original injury and was taken into consideration in the arbitration of the Industrial Accident Commission, according to the provisions of the statute, in making the final award, and when plaintiff accepted the amount of the award he accepted compensation for the whole injury, including the injury caused by the malpractice of defendants, alleged in the complaint. In other words, the Industrial Accident Commission

awarded compensation for the injuries of plaintiff as they existed at the time of the final award.''

The case of *Revell v. McCaughan,* 162 Tenn. 532, 39 S. W. (2d) 269, is of very little, if any value, in arriving at the construction of our own statute, as the evidence discloses that the petition filed for compensation was practically identical with the one that was filed against the attending surgeon to recover damages for malpractice. The court held that the plaintiff had recovered full payment for the damage he had sustained because of the injury.

In the case of *Ross v. Erickson Const. Co.,* 89 Wash. 634, 155 Pac. 153, an examination of the Workmen's Compensation Law of the State of Washington as quoted in this opinion discloses that the law in that State makes the remedy under the Workmen's Compensation Law exclusive of further remedy or proceedings for compensation, and has abolished all other remedies that might have existed in favor of an injured party and against a physician or surgeon for malpractice.

In the case of *Roman v. Smith,* an Idaho case reported in 42 F. (2d) 931, the federal court, in discussing the Idaho statute, say that the injured employee was given his option of proceeding either against the employer, or against the doctor for malpractice, and having elected to pursue the remedy against the employer, the statute bars him from maintaining suit against the doctor for malpractice.

*Markley v. White,* 168 Okla. 244, 32 P. (2d) 716. This case also is a malpractice suit where the plaintiff had received compensation for injury from his employer under the Workmen's Compensation Act and attempted to hold the attending physician liable for malpractice. The court in passing upon the contention of the appellant used this language: ''An employer liable for the legitimate consequences of a compensable injury is liable therefor under the provisions of

the Workmen's Compensation Act, regardless of the fact that the effect of the injury has been aggravated by the negligence or carelessness of the physician selected by the employer. The employee need proceed no further than the State Industrial Commission to recover full compensation therefor. He is not required to institute an action at law against the physician to recover for the result of the negligence or carelessness of the physician. The jurisdiction of the State Industrial Commission in such cases is exclusive, except where the employer fails to secure the payment of compensation as required by law." The opinion does not attempt to set out the law on which this decision is based, but from the language used by the court it indicates that the Workmen's Compensation Law of the State of Oklahoma makes the remedy exclusive and bars any other action.

The case of *Kirby Lumber Co. v. Ellison* (Tex. Civ. App.), 270 S. W. 920, involves a different question from the one we are considering. In the *Kirby* case, the injured employee had received injuries which necessitated the amputation of his right leg. He was paid by the company under the Workmen's Compensation Law for this injury. Afterwards his leg did not heal and the second operation was performed, and then he sued the employer for additional compensation on the theory that the doctors that had operated upon him were agents and servants of the employer. The court held that such an action could not be maintained against the employer because they had settled with him in full under the compensation law of the State of Texas.

In the case of *Hooyman v. Reeve,* 168 Wis. 420, 170 N. W. 282, the injured employee in his settlement with the employer for injuries that he had sustained signed a release which is in part as follows: "For the sole consideration of the sum of $3,000 . . . I do hereby acknowledge full satisfaction and discharge of all

claims with the approval of the court in respect to the injuries or injurious results directly or indirectly arising from the accident sustained by me on the nineteenth day of June while in the employment of the above.'' (*The Employee.*) The court held that the employee was bound by the terms of this receipt and could not maintain an action against the doctor for malpractice in the treatment of his injury.

In the case of *Hennig v. Crested Butte Anthracite Mining Co.,* 92 Colo. 459, 462, 21 P. (2d) 1115, the injured employee sued the employer for the malpractice of the physician and surgeon who treated him for the injury he had received while working for the defendant company. One of the answers filed by the defendant and on which the court decided the case was that both parties were subject to the Workmen's Compensation Act, and that the plaintiff filed with the industrial commission his claim for compensation thereunder for said injuries for full disability arising therefrom or connected therewith; that compensation had been, therefor, in full satisfaction and discharge of all liability of the defendant upon the cause of action attempted to be set up in the complaint. To this answer the defendant filed a general demurrer which was overruled by the court. The plaintiff defaulted. Judgment was rendered against him for costs. On appeal the court held that this was a good defense to his cause of action. It will be observed that the plea alleges in this case that both parties to the suit were under the compensation law of the State of Colorado. In the case that we are considering the defendant does not come under the Workmen's Compensation Law.

In the case of *McConnell v. Hames,* 45 Ga. App. 307, 164 S. E. 476, McConnell, the injured employee, started suit against his employer, the insurance company, and the doctor for malpractice, alleging that the doctor had negligently treated an injury which he had sustained in the course of his employment, and that

by the mistreatment of the doctor his injuries were aggravated and he was greatly damaged. A general demurrer was sustained to the declaration of the plaintiff. A part of the Workmen's Compensation law of the State of Georgia provides as follows: "The employer shall not be liable in damages for malpractice by a physician or surgeon furnished by him pursuant to the provisions of this section, but the consequences of any such malpractice shall be deemed a part of the injury resulting from the accident and shall be compensated for as such." The court decided this case purely upon this part of the statutory provision and held that the employee could not maintain his suit.

The Appellate Court of the First District in the case of *Spelman v. Pirie*, 233 Ill. App. 6, in passing upon a similar question of malpractice, stated that when the employee has accepted compensation for his injury from his employer, he is barred from maintaining such action against the surgeon who treated him at his employer's request. The only authority cited to maintain this proposition of law is a Washington case. In *O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244, 260, the court use this language: "We know of no case in which an act not having substantially the provisions just mentioned has been held to deprive the employee of his common law action against the person, other than his employer, causing the injury, except in the State of Washington, the Supreme Court of which held that the Workmen's Compensation Act of that State abolished all rights of action against every person to recover damages sustained by workmen injured in the course of their employment." From the wording of this language it is clear that the Washington statute is different from ours, and the Washington decisions have little probative weight in arriving at the construction that we must give to our own statute.

Counsel for the appellee insists that the case of *Wesley v. Allen*, 235 Ill. App. 322, is precisely in point

on the proposition of law that we have been discussing. The reading of that case discloses that the construction of section 29 of the Workmen's Compensation Law was not discussed at all by the Appellate Court, but the court said this: "The question suggested is interesting, but its determination is not necessary in a decision of this case." The court then proceeds to state that the plea of payment is broad enough and definite enough to bar the action. The plea in the *Wesley* case and the one filed in the present case are very different.

In the case of *White v. Matthews*, 224 N. Y. S. 559, the facts are similar to the one we are considering and the court in discussing the law relative to the same use this language: "But the court below fell into the error of assuming that the proceeding to obtain compensation was an action for damages and that there were two tort-feasors here. Plaintiff's claim for compensation under the Workmen's Compensation Law was not based upon negligence, or any wrongful act or omission on the part of plaintiff's employer. Compensation was sought and received by plaintiff upon the fact alone that, when she sustained her injuries, she was an employee of the Woman's Hospital. There is no allegation, either in the complaint or in the answer, that plaintiff sustained her injuries as the result of any tort or negligent act. . . . The recent case of *Hoehn v. Schenck*, 221 App. Div. 371, 223 N. Y. S. 418, involved the same question as is presented by this appeal. There the Appellate Division, Second Department, unanimously held that an action against a physician to recover damages for malpractice is not barred by the award of compensation under the Workmen's Compensation Law, though the award may cover, not only the original injuries, but the injury arising from the malpractice of the attending physician. We think the question was properly decided by the Second Department, and that the acceptance of

compensation by plaintiff did not bar her recovering damages of the defendant as the result of malpractice.

The case of *Greenstein v. Fornell,* 257 N. Y. S. 673, is also a suit in which the employee had accepted compensation for an injury he received in the course of his employment and then sued the attending physician for malpractice. The court in their opinion say: ''The plaintiff in this case received an award of some $1,700 under the Workmen's Compensation Law. It is contended that the acceptance of this award precludes the plaintiff from instituting this action for malpractice; that she elected to proceed under the Workmen's Compensation Law as her sole and exclusive remedy. There is no merit to this contention. The remedies under the Workmen's Compensation Law and by way of suit for malpractice are in no way inconsistent.''

In *Smith v. Golden State Hospital,* 111 Cal. App. 667, 296 Pac. 127, the Supreme Court of California in discussing the right of an injured employee to sue the physician for malpractice when he accepted compensation for his injuries have this to say: '' 'This would be true as well where the subsequent injury is occasioned by the negligence of the injured person, or of some third person, without accident, as where it is accidental, if the subsequent injury occurs after the employment has ceased, and is neither the natural nor the proximate result of the injury received in the course of the employment.' Without conceivable exception, it must occur that by the construction universally placed upon humane workmen's compensation legislation, employees are so restricted with respect to relief for proximate injuries that their right to other recourse in the event of subsequent injury by independent third parties over whose discretion and actions neither employer nor employee has control, should be and is unfettered. 'The lawmaking power has taken from him all of his common-law rights and all of his

previous statutory rights, and has given him new rights. He does not, and cannot, have a hand in writing the insurance. . . . Before the enactment of these statutes the injured employee could sue for any sum designated in his complaint. Now he can apply for the statutory allowance which is secured by insurance.' That independent professions by the fact of business contact with the employer should be absolved of responsibility for mistake, avoidable or unjustified neglect resulting in secondary affliction, seems obnoxious to the purpose and spirit of such a statute. To so hold might induce industry to encourage quackery, and place a premium upon negligence, inefficiency, and wanton disregard of the professional obligations of medical departments of industry, toward the artisan. Such is the view entertained by courts of last resort in other jurisdictions where the subject has required specific attention. In *Ruth v. Witherspoon-Englar Co.*, 98 Kan. 179, 157 Pac. 403, an allowance under the Kansas form of procedure of compensation and damages emanating from improper medical treatment was reversed for the reasons herein stated, with the following comments: '. . . If it should be proved here, for instance, that the whole effects of the plaintiff's injury would under proper treatment have disappeared within a year, that would obviously be the limit of the period for which he could recover compensation in this action. His judgment here could not be increased by the fact that through the incompetent or negligent handling of the case by physicians a disability which would otherwise have been merely temporary was rendered permanent.' " This case was cited and followed by the same court in the case of *Steiner v. Goodyear Tire & Rubber Co.*, 115 Cal. App. 162, 300 Pac. 980.

In the case of *Hoffman v. Houston Clinic* (Tex. Civ. App.), 41 S. W. (2d) 134, the injured employee had

accepted payment under the Workmen's Compensation Law for injuries he had received in the course of his employment and had then sued his employer, together with the doctor who treated him, for malpractice. The court stated the law as follows: "The fact that the United States Fidelity and Guaranty Company, the insurer of appellant's employer, had, under the provisions of the Workmen's Compensation Law, paid appellant the full sum allowed by such law for the loss of his eye, would not bar him from a recovery for damages suffered by him in excess of the compensation allowed by law which were inflicted upon him by a third party, that is, a party who was neither his employer, nor an agent, servant or employee of such employer. That appellant would have a right of recovery for such excess injuries suffered by him by reason of the negligence of defendants, they being third parties as above defined, is, we think, well settled."

In the case of *Viita v. Fleming,* 132 Minn. 128, 155 N. W. 1077, plaintiff's employer had an arrangement with defendants' physicians, who operated a hospital in Cloquet, by which the employer deducted a certain sum each month from the pay of each employee, and turned over the sums so deducted to defendants, who agreed, for such compensation, to care for and treat all injured employees which the employer should send to them. Plaintiff was injured, and was taken to defendants' hospital and treated by them under this arrangement. The court held that the relation of patient and physician existed between plaintiff and defendants, and that the latter owed plaintiff the duty to exercise ordinary care and skill in treating him. After a discussion of the facts and law of other points in the case the opinion continues (p. 1080): "We need add little to what is said in the preceding paragraph in order to dispose of the argument that the settlement

under the Workmen's Compensation Act by which the employer was released from 'all claims on account of said injury' operated as a settlement and release of any claim the employee might have against the physicians for malpractice. The employer, as we have seen, was not liable to the employee for the negligence of the physicians. It was not required to compensate plaintiff for damages sustained by their malpractice, and the settlement did not purport to include any such element. This is not contrary to the well-known rule, existing before the Compensation Act, that where one is injured by the negligence of another, and uses due care in the selection of a physician or surgeon, the wrongdoer is liable for all the proximate results of his own act, although the injury has been aggravated by improper treatment by the physician. It by no means follows that the one whose negligence causes the original injury is liable for the negligence of the physician employed to treat it, and it is clearly not true that the physician is not liable to the patient for such negligence. When it appears, as it clearly does here, that there is a liability on the part of the physician to the patient, it is a strain to hold that a settlement between the injured man and the wrongdoer for the injury by the accident, whether made under the Compensation Act or outside of it, includes the claim that the injured man has against his physician for a separate and subsequent injury.''

*Jordan v. Orcutt,* 279 Mass. 413, 181 N. E. 661, a Massachusetts case. A reading of this case discloses that the action was based purely upon a statutory provision of the Workmen's Compensation Law, of that State. It is of very little aid to us in this case. In the case of *Lakeside Bridge & Steel Co. v. Pugh,* a Wisconsin case, 206 Wis. 62, 238 N. W. 872, the action is based purely upon the Wisconsin statute, which is in part as follows: ''Nothing in the Compensation Act shall

prevent an employee from taking the compensation he may be entitled to thereunder, and also maintain a civil action against any physician or surgeon for malpractice, and the measure of damage, if any be recovered, in such action, shall be the amount of the damage found by the jury less the compensation paid to the employee under the Workmen's Compensation act.''

In the case of *Cipperly v. Carmack*, 258 Ill. App. 593, the opinion written by the then Presiding Justice Jett, of this court, in discussing whether an injury to an employee by reason of the acceptance of compensation under the Workmen's Compensation Law of this State was barred from maintaining an action against a third party to recover for injuries which he had sustained because of the negligence of the third party states: ''It will further be observed that it is averred in the amended special plea that the plaintiff had accepted compensation from Tolmie Bros., his employers, and that he had no right to bring this action, that it belonged to the said Tolmie Bros. An employee who has been injured by the negligent act of a third person can bring an action to recover therefor, notwithstanding he may have been paid compensation under the Compensation Act. *Gross v. Cuneo Press, Inc.*, 251 Ill. App. 560.''

An analysis of the foregoing cases shows that many of them are based upon special statutes of the particular States—some of them on the theory that the employer and the doctor who had been sued for malpractice were joint tortfeasors, and therefore, the employee having elected to sue one of the joint feasors or accepted payment from him under the Workmen's Compensation Act, would be barred from maintaining a suit. As before stated our Supreme Court has held that the Workmen's Compensation Law is not based upon the negligence either of the employer or of the employee, but is as stated in the case of *Keeran v.*

*Peoria, Bloomington & Champaign Traction Co.,* 277 Ill. 413. A departure from the common law in regard to the master and servant, it does not rest on the theory of negligence but on the theory that the injury of a workman and death caused by an accident in any business should be regarded as a part of the expense of the business and should be borne by the business. There is no question but that the doctor in the present case was not working under the Workmen's Compensation Law. *Augustus v. Lewin,* 224 Ill. App. 376. Section 29 of our Workmen's Compensation Law provides that in case an injured employee sues a third party who is not under the Compensation Law, and recovers damages in a greater amount than he received as compensation from his employer, then the amount that has been paid to the employee shall be returned to the employer. It seems to us that the language used in the above section applies to the facts in the present case, and the plaintiff in this case should not be barred from maintaining her action against the doctor for malpractice. From an examination of the decisions of the Supreme Courts of other States that have passed upon this question, especially in those States that do not make the remedy under the Compensation Law exclusive, that the better reasoned cases and the weight of authority sustain the proposition, that by accepting compensation under the Workmen's Compensation Law that the injured employee is not barred from maintaining an action against a physician and surgeon for malpractice in treating his injuries arising in the course of his employment.

The judgment of the city court of Aurora in overruling the demurrer to the defendant's plea is hereby reversed and the cause remanded to said court, with directions to sustain the demurrer.

*Reversed and remanded with directions.*