LULU M. DAY, Exrx., Appellant, *vs.* GRACE FORBES TAL-COTT, Appellee.

*Opinion filed October 24, 1935.*

ANDREWS & ESSINGTON, and HALL & DUSHER, for appellant.

C. H. LINSCOTT, for appellee.

438

Mr. Justice Jones delivered the opinion of the court:

Lulu M. Day, executrix of the last will and testament of Dudley W. Day, deceased, brought a suit against Grace Forbes Talcott upon a declaration filed March 31, 1933, in the circuit court of Winnebago county. An amended declaration was filed February 24, 1934, to which a plea of the Statute of Limitations and a plea of the general issue were filed. Plaintiff interposed a demurrer to the special plea, and it was overruled. She elected to stand by her pleadings and judgment in bar and for costs was rendered against her. The Appellate Court affirmed the judgment, and the cause is here by leave to appeal granted by this court.

The original declaration charged that Dudley W. Day in his lifetime was a practicing physician in Rockford; that he rented from the defendant, the owner of a large office building, certain rooms therein for his use and occupancy in his profession; that the defendant represented to him that the offices were fit and proper for such use; that during the time he occupied them there was present a foul, gaseous, offensive, deleterious and harmful odor, which arose from some cause then unknown to him and was injurious to human life and good health; that he notified the defendant from time to time of such condition and repeatedly called her attention to it; that although the defendant had ample opportunity to investigate and to learn and remove the cause of such condition, she negligently permitted the building to be so maintained and operated that such unsafe and harmful condition continued to be present during his occupancy of said offices, and that by and on account of said odor and gases Dr. Day became sick and died. The amended declaration was similar to the original declaration, except that it contained an express averment of due care on the part of the deceased, and it omitted the averments which stated that he knew the con-

ditions of which he complained arose from a gaseous odor that was injurious to human life and good health.

It is contended by the plaintiff that the amended declaration did not state a different cause of action from that set up in the original declaration. While it is the general rule in this State that an averment of due care is necessary and material to a declaration in a suit of this character, yet it is sufficient if the declaration contains averments which are equivalent to such an express averment. (*Newell* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 261 Ill. 505.) The declaration in the present case not only omitted an express averment of due care but contained nothing tantamount to it. In fact, it expressly averred that Dr. Day knew of the presence and existence of the harmful situation due to defendant's negligence and that he continued to occupy the premises. The amended declaration set up a different state of facts as to the exercise of care upon the part of the deceased. It can not be said that the original declaration either stated a cause of action imperfectly or defectively, because it stated no cause of action at all. By its distinct averments it admitted contributory negligence and want of due care of the deceased. This court has uniformly held that if a plaintiff desires to avail himself of the provisions of the Injuries act (Cahill's Stat. chap. 70, sec. 2,) he must bring himself within its terms and provisions. *Hartray* v. *Chicago Railways Co.* 290 Ill. 85; *Bishop* v. *Chicago Railways Co.* 303 id. 273; *Carlin* v. *Peerless Gas Light Co.* 283 id. 142.

It is contended that section 39 of the Practice act as it existed prior to January 1, 1934, provided for the amendment of pleadings at any time prior to the entry of final judgment, and the amendment would relate back to the time of the filing of the original pleading to which the amendment applied. Whatever may be the proper construction of that statute, it has no application to a dec-

laration which states no cause of action at all. The first time a cause of action was stated in this case was when the amended declaration was filed, and the date of its filing was subsequent to the time allowed by the Injuries act. The Statute of Limitations was therefore properly pleaded against it. *Allis-Chalmers Manf. Co.* v. *City of Chicago,* 297 Ill. 444. .

The circuit court was right in entering a judgment in bar, and the judgment of the Appellate Court affirming that judgment is affirmed.   *Judgment affirmed.*