Florence Huntoon, Appellee, v. Dr. J. E. Pritchard, Appellant.

Gen. No. 9,230.

Dove, P. J., dissents.

Opinion filed March 10, 1938. Rehearing denied May 3, 1938.

ALSCHULER, PUTNAM & JOHNSON, of Aurora, for appellant; EDWARD F. STREIT, of Aurora, of counsel.

SHEARER & SEARS, of Aurora, for appellee; BARNABAS F. SEARS, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

The plaintiff, Florence Huntoon, on March 20, 1931, started suit against the defendant, Dr. J. E. Pritchard, a practicing physician and surgeon in the city of Aurora, Illinois, for damages which she alleges she sustained through the carelessness and negligence of the defendant, while treating her as a physician. The case was before this court at a previous term, reported in 280 Ill. App. 440. At the time, the case was reversed and remanded for a new trial. The case was again tried by a jury in the city court of Aurora, Illinois, in which the plaintiff was successful and procured a verdict for the sum of $2,500. Judgment was entered on this verdict, in favor of the plaintiff. From this judgment, this appeal is prosecuted.

After the original declaration was filed, the defendant, through his attorney, on June 27, 1931, filed a general demurrer to the declaration.

On June 29, 1931 on motion of the plaintiff, the suit was dismissed. On July 29, 1931, new counsel appeared for the plaintiff and on motion the suit was reinstated. On the same day the court sustained the general demurrer to the declaration. The plaintiff was granted leave to amend her declaration and on September 23, 1931 filed an amended declaration in which she stated the date of the alleged treatments by the defendant as June 5, 1929. To this amended declaration, the defendant filed a general and special demurrer, which was overruled. The defendant then filed three pleas: The first, the general issue; the second, a plea of the statute of limitations; the third sets forth as a defense, that the injuries the plaintiff complained of were received in the course of her employ-

ment by her former employer, and that the plaintiff and employer had elected to be bound by the Workmen's Compensation Act and that the plaintiff had claimed and received compensation from her employer for said injuries, and therefore, her action is barred as against the defendant. All pleadings were filed prior to January 1, 1934, and the case proceeded under the old Practice Act.

On a former trial of this case the plaintiff filed a demurrer to this third plea. The trial court overruled the demurrer and held that the same was a valid plea. It was from this ruling of the court that the former appeal was prosecuted to this court. We held that the plea did not state a valid defense and the demurrer should have been sustained as to this plea, and we reversed and remanded the case. Following the mandate of this court, the trial court entered an order sustaining the demurrer to this plea. The defendant has assigned error of the action of the trial court in sustaining the demurrer to the plea. The statement we made in our former opinion relative to the merits of this plea, we reaffirm. The trial court properly sustained the demurrer to this plea.

The other question raised by the appeal at this time is: Whether or not the amendment to the declaration, which was made more than two years after it is alleged that the cause of action arose, is barred by the statute of limitations. It is conceded by the attorneys of both parties to the litigation, that if the original declaration does not state a good cause of action, the amendment which was made more than two years after the date when the cause of action arose, would state a new cause of action and the statute of limitations would apply. An examination of the declaration discloses that it was taken practically verbatim from "Puterbaugh's Pleading and Practice," Tenth Edition, on page 1016. The appellant insists strenuously that the

original declaration filed in this case at bar, did not state a cause of action, because no facts were stated from which the law would infer a breach of duty on the part of the defendant in his professional treatment of the plaintiff.

Whether the original declaration did, or did not state a good cause of action, the court sustained a general demurrer to it, and the plaintiff, by asking leave to amend the declaration, confessed that it did not state a good cause of action.

In the case of the *People v. Core,* 85 Ill. 248, the court in discussing the effect of a general demurrer being sustained to a declaration, has this to say: "It is urged that the court erred in sustaining a demurrer to the declaration. Inasmuch as appellant amended his declaration, he thereby waived all objections to the decision of the court. Had he desired to raise any question as to the correctness of the decision sustaining the demurrer, he should have abided by his declaration, and permitted judgment to be rendered against him on the demurrer. This is one of the plainest and most elementary rules of practice, and the objection is frivolous." In the case of *Bennett v. Union Cent. Life Ins. Co.,* 203 Ill. 439, at page 444 the court says: "It is the well established rule in this court that if a pleading is held insufficient on demurrer the pleader must abide his pleading, or as is sometimes said, must elect to 'stand by' his plea, if he would have the correctness of the judgment pronounced on the demurrer reviewed in a superior court, but it is not requisite he shall orally, or in writing, advise the court that he abides his pleading or elects to stand thereon. If he asks leave to amend the pleading in order to obviate the defect pointed out by the demurrer or asks leave to plead over, he thereby abandons his original pleading and does not abide or 'stand by' it." (*People v. Opie,* 304 Ill. 521.)

If the plaintiff wished to test the validity of the court's ruling in sustaining the general demurrer to her declaration, she should have stood by the declaration and appealed the case to the Appellate Court. This, she failed to do, but asked leave to amend the same and is not in a position to now urge that the original declaration stated a good cause of action. Section 39, ch. 110, Smith-Hurd's Revised Statutes of 1929; Cahill's Rev. St. 1929, ch. 110, ¶ 39, provides that a declaration can be amended even though the amendment was not filed until after the statutory period of two years had run after the date of the injury. No doubt, when a declaration states a good cause of action, but in a defective manner, although a special demurrer may have been sustained to it, the court should allow an amendment, to make the original declaration more specific. When the original declaration does not state a good cause of action, and a general demurrer has been sustained thereto, the statute does not apply. The distinction is that a declaration stating a good cause of action in a defective manner, may be amended, but when it does not state a good cause of action at all, it may not be amended. This is the substance of our holding in the case of *Smith v. Illinois Power Co.,* 279 Ill. App. 505; and *Day v. Talcott,* 361 Ill. 437. It is our conclusion that the cause of action arose more than two years before the amended declaration was filed, and the plea of the statute of limitations is sustained by the evidence and pleadings. The judgment of the trial court is hereby reversed.

*Reversed.*

Dove, P. J., dissents.