(No. 24806.—

FLORENCE HUNTOON, Appellant, *vs.* DR. J. E. PRITCHARD, Appellee.

*Opinion filed February 15, 1939—Rehearing denied April 5, 1939.*

SHAW, C.J., specially concurring.

BARNABAS F. SEARS, for appellant.

ALSCHULER, PUTNAM & JOHNSON, (EDWARD F. STREIT, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On March 20, 1931, Florence Huntoon filed a declaration consisting of one count to recover damages on account of alleged malpractice on the part of Dr. J. E. Pritchard. Defendant's general demurrer to this declaration was sustained and plaintiff was given leave to amend. On September 23, 1931, she filed amendments to the original declaration. Defendant filed three pleas to the amended declaration: First, the general issue; second, that plaintiff's cause of action did not accrue within two years prior to

the commencement of her suit; third, that at the time of the supposed injuries to plaintiff, she was employed by a certain laundry in Aurora; that the employer and employee were both under the Workmen's Compensation act; that her injuries arose out of and in the course of her employment, and plaintiff had received $1500 as a lump sum settlement for her injuries. It was alleged that the injuries received at the hands of the defendant were but aggravations of the injuries received in the course of her employment, and that the payment and satisfaction of the claim by her employer was a discharge of the injuries here complained of. Plaintiff's demurrer to this plea was overruled. She abided by her demurrer and appealed to the Appellate Court, where the judgment was reversed and the cause remanded with directions to sustain the demurrer to the third plea. (*Huntoon* v. *Pritchard*, 280 Ill. App. 440.) The case was then tried before a jury in the city court of Aurora, and verdict and judgment for $2500 were entered for the plaintiff. On appeal to the Appellate Court for the Second District this judgment was reversed. The Appellate Court held, one judge dissenting, that the amendment to the declaration which was made more than two years after the cause of action arose, was barred by the Statute of Limitations. It reaffirmed its ruling made on the previous appeal with reference to the third plea. (295 Ill. App. 10.) We granted leave to appeal.

Appellant contends that the Appellate Court erred, as a matter of law, in holding that her action was barred by the Statute of Limitations. Appellee argued to the contrary and further insists that appellant's cause of action is barred by the satisfaction received in the compensation proceedings by the lump-sum-settlement agreement and release entered into between appellant and her employer. These two were the only questions presented to the Appellate Court.

The original declaration alleged that the defendant before and at the time of committing the grievances com-

plained of was exercising the profession of a physician, and was employed by plaintiff to attend and treat her for the cure of a certain sickness and malady under which she was then and there suffering; that defendant accepted the employment and entered upon the treatment of plaintiff and continued treating her for the space of twenty-one days, and that plaintiff was at all times in the exercise of due and proper care and caution for her own safety and well-being. Yet defendant, not regarding his duties as such physician, so unskillfully and negligently conducted himself that by and through his want of skill and care the sickness and malady of plaintiff became greatly increased and aggravated, and plaintiff underwent great and unnecessary anguish and distress.

After defendant's general demurrer was sustained plaintiff filed amendments to the declaration in which she supplied the date when the occurrences complained of took place. She struck out the words "a certain sickness and malady under which the plaintiff was suffering" and inserted in lieu thereof the words, "a certain spinal injury which consisted of one or more crushed vertebrae." After the words "so unskillfully and negligently conducted himself in that behalf" an amendment supplied the following: "That he, the defendant, negligently failed and omitted to examine and diagnose plaintiff's condition and said injury, and negligently failed and omitted to properly and skillfully perform an operation on plaintiff's spine, as it was the defendant's duty so to do, and negligently failed to reset said vertebrae so as to permit or cause plaintiff's spine and said injured vertebrae to heal as was the said defendant's duty so to do, and negligently failed and omitted to treat plaintiff's said injury so as to cause or permit said spine and said injured vertebrae to heal, and negligently failed and omitted to use the usual and customary skill which it was his duty to so use as a recognized and licensed physician and surgeon in the treatment of plaintiff's said injury." The amendment also

enlarged and made more specific the allegations as to damage and increased the *ad damnum* from $5000 to $25,000.

The question as to the Statute of Limitations being applicable arises under the provisions of section 39 of the Practice act of 1907, as amended in 1929. (Cahill's Stat. 1933, (appendix) chap. 110, par. 39.) Originally this section consisted of one paragraph and was identical with section 23 of the Practice act of 1872. It provided that, at any time before final judgment in a civil suit, amendments might be allowed on such terms as were just and reasonable, introducing necessary parties, discontinuing as to any joint party, changing the form of action, and in any matter of form or substance in any process, pleading or proceeding, which would enable the plaintiff to sustain the action for the claim for which it was intended to be brought or the defendant to make a legal defense, and it was provided that the adjudication of the court allowing an amendment should be conclusive evidence of the identity of the action. In 1929, a second paragraph was added to section 39. It provided that any amendment to any pleading shall be held to relate back to the date of filing the original pleading and the cause of action or defense set up in the amended pleading shall not be barred under any statute limiting the time within which an action may be brought, if the time limited had not expired when the original pleading was filed, and if it shall appear, from the original and amended pleading, that the cause of action or defense asserted in the amended pleading grew out of the same transaction or occurrence and is substantially the same as set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact, or some other matter or matters which are necessary conditions precedent to the right of recovery, when such conditions precedent have been, in fact, performed.

Prior to the 1929 amendment to section 39 of the Practice act of 1907 the rule was that if the original declaration failed to state any cause of action, whatever, and an amended declaration stating a cause of action was filed after the Statute of Limitations had run, the filing of such amended declaration was held to be the beginning of the suit for that cause of action and the Statute of Limitations was a good defense. But if the amended declaration simply restated the original cause of action in a different form, the filing of an amendment related back to the commencement of the suit and the Statute of Limitations was not a bar to the action. (*Carlin* v. *City of Chicago,* 262 Ill. 564; *Hartray* v. *Chicago Railways Co.* 290 id. 85; *Bishop* v. *Chicago Railways Co.* 303 id. 273; *Davis* v. *St. Paul Coal Co.* 286 id. 64; *Vogrin* v. *American Steel and Wire Co.* 263 id. 474; *Devaney* v. *Otis Elevator Co.* 251 id. 28.) The addition of the second paragraph of section 39 manifested a legislative intent to liberalize the practice so as to preserve rights of action which might theretofore have been lost by omissions or errors in pleading, and to do away with the distinction that had grown up in our decisions between the restatement of a cause of action and an omission of some material element of a cause of action. It was often difficult to determine whether a material allegation had been completely omitted or had been touched upon so that it could be elaborated by an amendment to the original declaration, and the pleader had to take that risk. Section 39 substituted a different test and permitted any amendment to relate back so long as the cause of action arose out of the same transaction or occurrence and was substantially the same as that set up in the original pleading. It is, therefore, patent that cases decided prior to 1929 are of no assistance, because they do not apply the test laid down by the amendment to section 39. *Day* v. *Talcott,* 361 Ill. 437, is the only case involving section 39 as amended. There

the original declaration contained no averment of due care on the part of the deceased nor anything tantamount to it, and we held that it could not be amended after the year had expired. We followed *Hartray* v. *Chicago Railways Co. supra, Bishop* v. *Chicago Railways Co. supra,* and *Carlin* v. *Peerless Gas Light Co.* 283 Ill. 142, which are to the same effect, but which were all decided prior to 1929. Section 39, as amended, was mentioned briefly, and was held to apply only where the original declaration stated a cause of action in a technical legal sense. *Day* v. *Talcott, supra,* was explained in *Metropolitan Trust Co.* v. *Bowman Dairy Co.* 369 Ill. 222, where we construed section 46 of the Civil Practice act, which replaces amended section 39 of the former Practice act, and held that amendments could now be made under section 46 to set up a cause of action on any claim which was intended to be brought by the original pleading, provided only that it grew out of the "same transaction or occurrence." We said it was no longer necessary that the original pleading technically state a cause of action. The applicable language of the amended section 39 of the Practice act of 1907 is so similar to section 46 of the Civil Practice act that the same construction should be given to both sections. Further consideration of this question convinces us that the better reasoning is contained in *Metropolitan Trust Co.* v. *Bowman Dairy Co. supra.*

Appellee insists that appellant may not contend that the original declaration stated a cause of action, since she pleaded over and thereby admitted that her original declaration did not state a cause of action. Even under the former practice the original declaration was still a part of the files and could be examined to determine if the amendment stated a new cause of action or was merely a restatement of the same cause of action in a more perfect manner. (*Vogrin* v. *American Steel and Wire Co. supra.*) However, under section 39, as amended, the question is whether

the amendment relates to the same transaction or occurrence as that stated in the original pleading.

The facts alleged in the amended declaration were simply a more particular statement of the facts alleged in the original declaration, and it is quite apparent that they arose out of the same occurrence, although as first alleged they may have been too general. The Statute of Limitations was not a good plea under the circumstances of this case.

The other question involved here is: Was the appellee released from his liability for malpractice upon appellant by reason of the payment of compensation to her by her employer under the Workmen's Compensation act? Section 6 of that act (Ill. Rev. Stat. 1937, chap. 48, par. 143) provides: "No common law or statutory right to recover damages for injury or death sustained by any employee while engaged in the line of his duty as such employee other than the compensation herein provided shall be available to any employee who is covered by the provisions of this act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury."

The provisions of this section apply only to the right of the employee against his employer and have no reference to the liability of third persons causing injury to the employee. *O'Brien* v. *Chicago Railways Co.* 305 Ill. 244; *Goldsmith* v. *Payne,* 300 id. 119.

Section 29 of the Workmen's Compensation act (Ill. Rev. Stat. 1937, chap. 48, par. 166) provides: "Where an injury or death for which compensation is payable by the employer under this act, was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this act, or being bound thereby under section three (3)

of this act, then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under this act, by reason of the injury or death of such employee. Where the injury or death for which compensation is payable under this act, was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or his personal representative," etc.

The purpose of section 29, *supra,* is to require the indemnification of the employer who is without fault out of the money recovered from a negligent third person. Where such third person is under the act his liability is limited to the amount of compensation paid, but where, as here, he is not under the act, the common law liability still exists and is unrestricted in amount. (*O'Brien* v. *Chicago Railways Co. supra; Gones* v. *Fisher,* 286 Ill. 606; *Wintersteen* v. *National Cooperage and Woodenware Co.* 361 id. 95.) These principles are admitted, but appellee questions their applicability to this case. He contends that section 29 applies only where, first, the injury was not caused by the

negligence of the employer or his employees, second, such injury or death must have been caused under circumstances creating a legal liability for damages on the part of some person other than the employer, and third, such other person must have elected not to be bound by the act. In substance, he contends that he was not a third party within the meaning of the act, since he aggravated the injury and did not inflict it. He relies on the line of cases exemplified by *Lincoln Park Coal Co.* v. *Industrial Com.* 317 Ill. 302, which hold that the employer is liable for the injury and all the results flowing from the malpractice of the attending physician. He then argues that the employer caused this injury. Section 29 is part of the Workmen's Compensation act, and we have repeatedly said that it cannot be construed so as to defeat its purpose. The employer is liable for the aggravation of injuries due to malpractice, but he is also liable for injuries caused entirely by other persons and through no fault of his own. His liability is not based on tort, but is statutory and in the nature of an implied contract. (*Keller* v. *Industrial Com.* 350 Ill. 390, 397.) Section 29 has as its object the reimbursement of the employer where he is compelled to pay compensation as a direct result of the negligence of another. In this case the employer had to pay, in addition to compensation for the original injury, an additional amount to cover the aggravation caused by appellee's malpractice. To adopt appellee's construction would deprive the employer of his right of subrogation and confer upon appellee a benefit to which he is in' no way entitled. The employee is not required to elect whether he shall sue the third person at law or proceed under the Workmen's Compensation act against his employer (*Gones* v. *Fisher, supra*) and we are not justified in construing the act to require an election here, where the injury complained of is an aggravation instead of an original injury. Both are within the plain meaning of section 29 and it must be so construed.

We have been referred to a number of conflicting authorities on this question from other jurisdictions, but none of them are exactly in point, since they involve differently worded statutes. Many of them are thoroughly discussed in the Appellate Court opinion in 280 Ill. App. 440, and we need not review them here.

The Appellate Court erred in holding that the plea of the Statute of Limitations was a bar to this suit, but it was correct in holding that the receipt of compensation under the Workmen's Compensation act was not a defense.

For the error indicated, the judgment of the Appellate Court is reversed and the judgment of the city court of Aurora is affirmed.

> *Judgment of Appellate Court reversed.*
> *Judgment of city court affirmed.*

Mr. CHIEF JUSTICE SHAW, specially concurring: I agree with the conclusion reached but not with all that is said in the opinion.