RUDOLPH STECHER *et al.*

*v.*

THE PEOPLE, for the use of Louis Morton *et al.*

*Opinion filed October 24, 1905.*

1. DRAM-SHOPS—*elements essential to recovery for injury to means of support.* To authorize a recovery in an action of debt against a saloon-keeper for damages due to the death of the plaintiff's father, who was shot by another person, it must be proved that the defendant sold intoxicating liquor to the slayer, who became intoxicated therefrom, and in consequence of such intoxication shot the father of plaintiffs and thereby deprived them of their means of support.

2. SAME—*question of proximate cause is one of fact.* If the evidence, with all its legitimate inferences, fairly tends to establish that the wrongful act of the defendant produced the injury complained of, a finding by the jury that the proximate cause of the injury was the act of the defendant, when approved by the trial and Appellate Courts, is conclusive upon the Supreme Court.

3. SAME—*judgment against widow not res judicata of action by children.* A judgment in favor of the defendants, in an action by the widow under section 9 of the Dram-shop act, cannot be pleaded in bar of an action against the same defendants by the children, since the right of action of the widow and that of the children are separate and distinct.

4. EVIDENCE—*what competent for the purpose of impeachment.* Where defendants in an action under the Dram-shop act are permitted to introduce as a witness the party who killed the plaintiffs' father, who testifies that he acted in self-defense, it is proper for the plaintiffs to show that he stated to the several witnesses, after the killing, that he did the shooting because he was drunk.

5. VARIANCE—*question of variance cannot be first raised on appeal.* The question of variance between the pleadings and the proofs cannot be raised for the first time in a court of review.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. W. W. DUNCAN, Judge, presiding.

HERBERT & LEVY, for appellants.

ANDREW S. CALDWELL, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the Fourth District affirming a judgment of the circuit court of Jackson county for the sum of $1500 in favor of the plaintiff in an action of debt. The declaration contained one count, and numerous pleas were filed.

It appeared from the evidence that C. R. Strong was in the saloon business in Carbondale, in said county; that he gave a bond for the sum of $3000, as such saloon-keeper, conditioned according to law, with the appellants Rudolph Stecher and Joe Steinle as sureties; that on the evening of the 28th of November, 1900, Strong sold to Abe Sheffe intoxicating liquors; that Sheffe, in consequence of drinking the same, became intoxicated; that Sheffe, Morton and two other colored men on that evening were in a room situated above said saloon, shooting "craps;" that during the game Sheffe and one Louis Williams became involved in a controversy as to which had won a certain bet; that Morton approached Sheffe with an open pocket knife in his hand and said, "Abe, Louis won your money fair;" that they then commenced to quarrel, whereupon Sheffe drew a revolver and shot and killed Morton. Sheffe was a quiet man except when intoxicated, when he was quarrelsome, and he and Morton, prior to the shooting, were friends.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendants moved the court to peremptorily instruct the jury to return a verdict in their favor, which the court declined to do.

In order to be entitled to recover it was necessary for the plaintiff to prove that Strong sold intoxicating liquors to Sheffe; that Sheffe became intoxicated from the use thereof, and that in consequence of such intoxication he shot and killed Morton, the father of the minor children for

whose use the suit is brought, and thereby deprived them of their means of support. (*Baker & Reddick* v. *Summers,* 201 Ill. 52.) It is not denied that Strong sold Sheffe intoxicating liquors; that Sheffe drank the same in his saloon and became intoxicated therefrom, and that Sheffe, while intoxicated, shot and killed Morton. It is urged, however, that it does not appear from the evidence that Sheffe shot and killed Morton in consequence of such intoxication, or, in other words, it does not appear that the intoxication of Sheffe was the proximate cause of the death of Morton. The question of the proximate cause of an injury is ordinarily a question of fact for the jury, (*Schulte* v. *Schleeper,* 210 Ill. 357,) and when the evidence, together with the legitimate inferences that may be drawn thereform, fairly tends to establish that the wrongful act of the defendant produced the injury complained of, the finding of a jury to the effect that the proximate cause of the injury was the act of the defendant, when approved by the trial and Appellate Courts, cannot be disturbed by and is conclusive upon this court. (*Birdsell Manf. Co.* v. *Oglevee,* 187 Ill. 149.) We think there was ample evidence that the intoxication of Sheffe was the proximate cause of the injury,—that is, that he would not have shot Morton had he been sober,—to require the court to submit that question to the jury, and that the court did not err in declining to instruct the jury to return a verdict in favor of the defendants.

The defendants, upon the trial, offered in evidence, in bar of the action, the record of a judgment of the circuit court of Jackson county in favor of the defendants and against Rosa Morton, the widow of Morton, in a suit in that court brought by her, wherein she sought unsuccessfully to recover damages from the defendants for the death of her husband, caused by Sheffe while intoxicated. Under section 9 of the Dram-shop act the widow and also the children of Morton are given a right of action against Strong and his bondsmen if their means of support, within the purview of

that section, by the wrongful act of Strong had been taken from them. The right of action of the widow and that of the children were, however, separate and distinct and in no-wise dependent upon each other, and the action on behalf of the children would in no way be controlled by the action on behalf of the widow. A judgment, therefore, in favor of the defendants, against the widow, could not be pleaded or proven in bar of an action in favor of the children against the defendants.

The defendants called Abe Sheffe as a witness, and he testified upon the trial to a state of facts which, if true, tended to show that he acted in self-defense in taking the life of Morton, and that he did not take the life of Morton in consequence of his intoxication. The plaintiff was per-mitted to prove, over the objection of the appellants, by a number of witnesses, that shortly after the killing of Morton, Sheffe stated to them that he shot Morton by reason of the fact that he was drunk. We see no error in the ruling of the court in admitting the testimony of these witnesses. Sheffe having testified he killed Morton in self-defense, and the proper foundation having been laid, it was clearly proper, for the purpose of impeachment, to prove he had stated out of court, after the death of Morton, that he shot him because he was drunk, as such statement on his part tended to break the force of the statement made by him while upon the stand as a witness in this case, that he killed Morton while acting in his necessary self-defense.

It is also urged that there is a variance between the decla-ration and the proofs. The declaration averred that the de-fendants sold intoxicating liquors to Sheffe and Morton and that at the time of the killing of Morton both Sheffe and Morton were intoxicated, while the proof failed to show that on the evening Morton was killed he had been drink-ing intoxicating liquors. The question of variance thus pre-sented was not raised upon the trial but appears to have been raised in the Appellate Court for the first time. The ques-

tion of variance not having been raised in the trial court can not for the first time be raised on appeal or writ of error.

It is said by the appellants, in the closing paragraph of their brief, that "the only question in this case is whether or not Sheffe killed Morton in consequence of his intoxication." The foregoing it not a fair statement of the question presented to this court, the question here being, does the evidence, together with all the inferences which may legitimately be drawn therefrom, fairly tend to prove that Sheffe killed Morton in consequence of his intoxication? When thus stated we have no hesitancy in saying that the evidence found in this record does fairly tend to establish such fact, and are therefore of the opinion that the judgment of the Appellate Court should be affirmed, which will accordingly be done.                    *Judgment affirmed.*