## Media Glasco et al., Appellees, v. M. R. Fakes et al., Appellants.

DRAM-SHOP ACT—*when action under section 9 abates.* Immediately upon the death of any plaintiff in an action instituted under section 9 of the Dram-shop Act, the same abates, and it is error for the court without abating the action as to the deceased plaintiff to permit the jury to proceed and assess the damages as to all of the parties, including such deceased plaintiff.

Action in case. Appeal from the Circuit Court of Union county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the February term, 1908. Reversed and remanded. Opinion filed September 12, 1908.

P. E. HILEMAN, R. J. STEPHENS and W. W. BARR, for appellants.

JAMES LINGLE and H. R. BUCKINGHAM, for appellees.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit under the Dram-Shop Act, brought by Media Glasco and her three minor children, by her as next friend, to recover damages by reason of their loss of means of support, against M. R. Fakes and O. B. Phillips, appellants, who on December 19, 1905, being then the owners of a saloon in Cobden, Illinois, sold, as it is alleged, intoxicating liquors to Jesse Glasco, Jr., the husband of Media Glasco and father of said children, which he drank and in consequence thereof became intoxicated, fell into an open cistern and was killed.

Upon the trial it was shown by the evidence that Flossie Glasco, one of the minor children of deceased and a plaintiff in the suit, had died. The suit however proceeded as before without abatement as to her and the verdict of the jury was "We the jury find the defendants M. R. Fakes and O. B. Phillips, guilty as charged in plaintiff's declaration and assess plaintiff's damages at $2,500."

A motion for a new trial was made by appellants, stating among other grounds in support of the same, that it appeared from the uncontradicted testimony, Flossie Glasco, one of the plaintiffs, had died since the bringing of the suit and that suit had not been dismissed as to her. The court overruled the motion for a new trial, but ordered that the suit be abated as to the plaintiff, Flossie Glasco. Appellants thereupon made a motion in arrest of judgment upon the ground that four parties were named in the declaration, while the evidence showed that only three were in existence, and that the verdict was rendered in favor of one who was at that time deceased. The court, however, overruled this motion and rendered judgment in favor of appellees and against appellants for the amount of the verdict, and the latter have brought the case here for review.

On December 19, 1905, at about 8 o'clock A. M., Jesse Glasco, Jr., as it appears from the proofs, came into Cobden from his home some four or five miles distant, and soon afterwards appeared at a saloon owned by appellants and was in and out of the saloon several times during the morning. Neither of the appellants seems to have been present at their saloon, which was in charge of two bartenders. There were two other saloons in Cobden, both of which were visted by Glasco and at one of which he purchased a half gallon jug of whisky, which he put in a paper sack and took to appellants' saloon and had put behind the counter. Appellants' two bartenders swore they sold Glasco no intoxicating liquor of any kind on that day, while Henry Pygett, a witness for appellees, testified that he and Glasco drank together in appellants' saloon that morning and witness paid for the drinks. About noon Glasco went home, Pygett going with him, and prepared to proceed with the work of repairing a cistern, which he had started the day before, although his wife protested against his doing so on account of his drunken condition. Soon afterwards Pygett, who was

mixing mortar for the work nearby, heard a noise, turned around and failing to see Glasco went to the cistern, looked in and saw him lying in the bottom with his head turned slightly under his body. Glasco was dead when removed from the cistern and an examination disclosed that his neck had been broken.

It is insisted by appellants that neither they nor their barkeepers sold or gave Glasco on the day in question any intoxicating liquors, and that therefore they did not contribute in any manner whatever to cause his intoxication. Also that the evidence failed to show that Glasco's intoxication was the proximate cause of or contributed in any manner to bring about the injuries which caused his death. As the case must go back for another trial, we express no opinion upon the facts further than to say it was a very close question whether the evidence was sufficient to sustain a finding for appellees.

We are of opinion however the judgment must be reversed for another reason. It appeared from the evidence upon the trial that Flossie Glasco, one of the plaintiffs named in the declaration, was dead at the time of the trial and that fact was again called to the attention of the court in the written motion for a new trial but nevertheless the verdict was in favor of all the plaintiffs named in the declaration and the court afterwards abated the suit as to Flossie Glasco and gave judgment upon the verdict for the remaining plaintiffs.

Section 9 of the Dram-Shop Act upon which this suit is based, provides: "Every husband, wife, child * * * or other person, who shall be injured in person or property, or means of support * * * in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part * * * and all damages recovered

by a minor under this act shall be paid either to such minor, or to his or her parent, guardian or next friend, as the court shall direct.''

In Stetcher v. The People, 217 Ill. 348, our Supreme Court under this section of the statute, upheld the right of children to recover damages for the death of the father, caused by a person who was intoxicated, notwithstanding the fact that the widow, their mother, had been defeated in an action based upon the same cause. The fact that the statute says every child shall have a right of action, indicates that the right is several or individual as to each child, which shall be injured in person, property or means of support. Therefore, notwithstanding the fact the suit may be brought jointly, or by all the parties injured, yet it must be presumed that in assessing damages, the jury take into consideration the damages alleged to have been sustained by each one of the plaintiffs named in the declaration. In this case they were instructed by the court, if they found for the plaintiffs they should assess their damages at such sum as the jury should believe from the greater weight of the evidence, they, the plaintiffs, had reasonably sustained, etc., and the verdict of the jury found the defendants guilty as charged in plaintiffs' declaration and assessed plaintiffs' damages at $2,500. We think the suit should have been abated as to Flossie Glasco as soon as it was discovered she was deceased, and as that was not done, the court should have set aside the verdict in favor of all the plaintiffs named in the declaration and granted a new trial.

The judgment of the court below will therefore be reversed and the cause remanded.

*Reversed and remanded.*