(No. 29104.—

F. K. KETLER COMPANY, Plaintiff in Error, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(CATHERINE PARKER,
Defendant in Error.)

*Opinion filed January 23, 1946—Rehearing denied March 14, 1946.*

HENRY KNELLER, of Peoria, for plaintiff in error.

CASSIDY, SLOAN & CRUTCHER, of Peoria, for defendant
in error.

Mr. JUSTICE FULTON delivered the opinion of the court:

This case is here on writ of error allowed by this court to review a judgment of the circuit court of Peoria county. William J. Parker was killed October 23, 1941, as a result of an accidental injury arising out of and in the course of his employment with the F. K. Ketler Company while engaged as a pile driver on a construction project for the Chicago, Rock Island & Pacific Railway Company.

The application for adjustment of claim was filed by the widow on October 21, 1942. The decision of the arbitrator, rendered on March 22, 1944, found, among other things, that the accidental injury causing the death arose out of and in the course of the deceased's employment with the F. K. Ketler Company; that claim for compensation had been made within apt time and that there was due the widow for the support of herself and minor child the sum of $4895. The arbitrator further found that the sum of $4000 had previously been paid on account of the death of the said Parker and ordered that the latter sum be credited on the total amount of compensation payable.

On review before the Industrial Commission no additional evidence was offered and after oral argument that body, on January 22, 1945, affirmed the arbitrator's findings in all respects, except the ruling that the sum of $4000 should be credited upon the amount of the award to be paid, and ordered payment from the F. K. Ketler Company in the full amount of $4895. The circuit court of Peoria county on *certiorari* confirmed the decision of the Industrial Commission. There were no stipulations, jurisdictional or otherwise, entered into by the parties at the hearing before the arbitrator.

The record discloses that Catherine Parker, as administratrix of her husband's estate and prior to the institution of the workmen's compensation proceedings herein, began a common-law suit for damages in the circuit court of Peoria county against the trustees of the Chicago, Rock

Island and Pacific Railway Company under the Federal Employers'. Liability Act. In this latter suit, the widow alleged that William J. Parker was, at the time of his death, an employee of the railway company, and that the injuries and death were caused by the railway company through its agents and servants. More than a year after the death of Parker, on October 28, 1942, the railway company filed its motion to dismiss the common-law action. To this motion was attached the affidavit of F. K. Ketler, president of the plaintiff in error company, which affidavit stated that Parker was an employee of the Ketler company at the time of his death. A certified copy of this motion with the attached affidavit was introduced at the hearing before the arbitrator by the claimant over the objection of counsel for plaintiff in error. According to the testimony of Mrs. Parker, developed on cross-examination over the objection of her attorney, it appears that sometime subsequent to October 28, 1942, the common-law action against the railway company was dismissed and that Mrs. Parker received the amount of $4000 in settlement of her claim. At the hearing before the arbitrator a certified copy of the amended complaint against the railway company was introduced in evidence.

The record before the arbitrator establishes the fact that the deceased was employed as a pile driver by the Ketler construction company on a project involving the repair of a certain bridge on the right of way of the Chicago, Rock Island & Pacific Railway Company. All the employees on the job at the time of the accident were employed by the F. K. Ketler Company. The equipment used belonged to the F. K. Ketler Company, and there is no evidence in the proceedings before the arbitrator, other than the introduced copy of the widow's complaint against the railway company, that indicates that the accident was caused by or through the negligence of the railway company. Parker's death was caused by his being struck on the head with a

large timber which fell from the pile-driving machine as Parker was lining it up preparatory to beginning operations. It is affirmatively shown by the evidence before the arbitrator that there were no railway employees or equipment at the scene of the accident.

The plaintiff in error in this case contends that the decision of the circuit court was in error for two reasons: (1) that there is no competent evidence in the record to establish the jurisdictional fact that a claim or demand for compensation was made within the period prescribed by the statute, that is, within six months following October 23, 1941; and (2), in the alternative, if an award of compensation is proper here, under the provisions of section 29 of the Workmen's Compensation Act (Ill. Rev. Stat. 1943, chap. 48, par. 166,) the plaintiff in error is entitled to a credit in the sum of $4000, which is the amount received by the widow in settlement of her common-law action against the Chicago, Rock Island & Pacific Railway Company. As stated before, there were no stipulations entered. The only evidence in the record touching the question of notice of claim is a copy of a letter dated April 20, 1942, as follows:

"F. K. Kettler Company,
105 West Monroe Street, Chicago, Illinois.

Gentlemen:

We represent Mrs. Catherine Parker, widow of William Parker, who was fatally injured on October 23rd, 1941, while employed in the construction of a bridge on the Rock Island right of way, which construction was under your supervision.

In behalf of the widow, Mrs. Parker and the minor surviving children, we hereby make claim under the Workmen's Compensation Law of Illinois for benefits provided by the said Act on account of accidental death.

You are advised, Mrs. Parker has filed suit against the Rock Island Railway Company under the Federal Employment Liability Act in the Peoria Circuit Court.

The railroad is resisting said claim on the ground that at the time of the accident Mrs. Parker was in your employ.

In the event the court decides against that, it will amount to a decision that Mr. Parker was an employee of your Company and came to his death out of and in the course of such employment.

Should the court decide conversely, i.e. that Mrs. Parker's remedy is under the Federal Employers Liability Act, her claim under the Workmen's Compensation Act will not be prosecuted.

Very truly yours,

[Signed] JOHN E. CASSIDY."

A copy of this letter was read into the record by the attorney for F. K. Ketler Company. Its introduction was objected to on the part of the attorney for the widow. No effort was made by either of the parties to show when the letter was mailed, whether it was properly addressed and stamped or when it was received.

Had Mrs. Parker attempted to discharge the burden of proving, in her case in chief, the making of a claim or demand by the simple procedure of reading a copy of the letter into the record and nothing more, it is apparent under former decisions of this court that the award would have to be set aside because of the failure to comply with the statutory requirement, which has been held both jurisdictional and mandatory. (*Haiselden* v. *Industrial Board,* 275 Ill. 114; *Bushnell* v. *Industrial Board,* 276 Ill. 262; *Chicago Circular Advertising Service, Inc.,* v. *Industrial Com.* 332 Ill. 156; *Lewis* v. *Industrial Com.* 357 Ill. 309.) Here, however, the situation is different. The plaintiff in error itself introduced the letter in evidence. There is no question but that the letter, if actually received in time, was sufficient notice that claim for compensation was being made on the part of the defendant in error, Mrs. Parker. We hold here that because the letter was introduced at the hearing by the plaintiff in error it cannot now insist upon the lack of other proof showing its timely receipt as a basis for the reversal of the judgment confirming the award.

The second contention concerns the proper application of section 29 of the Workmen's Compensation Act to the

facts at hand. The pertinent statutory provisions of section 29 are as follows:

"Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this Act, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative.

"If the injured employee or his personal representative shall agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the said employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

"In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action. The employer may, at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of

claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings, shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employer, such consent shall not be required where said employer has been fully indemnified or protected by court order.

"In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to three months before said action would be barred at law said employer may in his own name, or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, and costs, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability."

While section 29 has heretofore been construed by this court on many occasions, the question presented here is a novel one. With the exception of a minor change, added by the act of 1917 and not pertinent here, the section remained the same from its original enactment in 1913, until amended in 1935. (Laws of 1935, p. 842.) This latter amendment, which is contained in the fourth and fifth paragraphs of the present section, elaborates the procedure to be followed by the employee or his personal representative when suit is brought against someone other than the compensation-paying employer. The amendment is designed to afford greater protection to the employer and provides, among other things, that no release or settlement

of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings, shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employer, such consent shall not be required where such employer has been fully indemnified or protected by court order.

There is no question but that the legislature, in enacting section 29, did so for the purpose of protecting and reimbursing a nonnegligent employer for compensation payments to one of his employees, made necessary by the intervening negligence of a third party. (*O'Brien* v. *Chicago City Railway Co.* 305 Ill. 244; *Huntoon* v. *Pritchard,* 371 Ill. 36.) Likewise, it is clear that the fact of recovery by way of settlement rather than by judgment will not prevent the operation of section 29 for the benefit of the compensation-paying, employer.

In the application of section 29 to the facts of the case at bar we are faced with the two statutory conditions precedent, first, freedom from negligence on the part of the employer and his employees, and, second, the presence of a legal liability for damages on the part of the third party. While we feel that there is considerable merit to the plaintiff in error's contention that one of the purposes behind section 29 was to prevent a double recovery for the same accident, nevertheless, the act as now written clearly and positively states that the injury or death must not be proximately caused by the negligence of the employer or his employee and must be caused under circumstances creating a legal liability in another.

As above stated, the facts in this case not only show that the accident to Parker was caused by the negligence of an employee of the Ketler company, but also that the employees of the railway company were not even remotely connected with the incident. We have examined all of the

cases cited by the petitioner, both in this State and other jurisdictions. In every single instance where the employer was allowed credit, the facts affirmatively show or the opinion assumes that the employer and his employees were free from negilgence and that there was negligence on the part of the third party.

While it may well be that the legislature intended to prevent double recovery in any case, nevertheless, to construe section 29 as allowing the employer credit under the facts in this case would be doing violence to the plain language of the act.

We hold that the circuit court was correct in quashing the writ of *certiorari* and in confirming the decision of the Industrial Commission.      . *Judgment affirmed.*