Beulah Sutton Dillon, and Joan Marie Dillon, Plaintiffs-Appellees, v. Maurice E. Nathan, d/b/a Arrow Liquor Store; Edward C. Dorr, and William Gernis, d/b/a Second Avenue Tap; Joseph Diverdi, and Sam Saladino, d/b/a 624 Tap; Rockford Mutual Benefit Association; and Keene and Davis, Inc., Defendants-Appellees.

Robert Eager, d/b/a Eastman Hotel, and Auto-Owners (Mutual) Insurance Company, Intervening Petitioners and Subrogation and Lien Claimants-Appellants, v. Beulah Sutton Dillon and Joan Marie Dillon, and Maurice E. Nathan, d/b/a Arrow Liquor Store; Edward C. Dorr, and William Gernis, d/b/a Second Avenue Tap; Joseph Diverdi, and Sam Saladino, d/b/a 624 Tap; Rockford Mutual Benefit Association; and Keene and Davis, Inc., Plaintiffs and Defendants-Appellees.

Gen. No. 10,909.

Second District.

May 17, 1956.

Rehearing denied June 20, 1956.

Released for publication June 21, 1956.

290

Knight & Knight, of Rockford, for intervening petitioners and subrogation and lien claimants-appellants; William D. Knight, Jr., of Rockford, of counsel.

Foltz, Haye & Keegan, and Arndt & Wallace, all of Rockford, for plaintiffs-appellees.

JUSTICE CROW delivered the opinion of the court.

The plaintiffs, Beulah Sutton Dillon, individually, and Joan Marie Dillon, individually, brought suit October 22, 1954 under the Dram Shop Act (Ch. 43, Ill. Rev. Stats., 1953, par. 135) against certain defendant tavern

operators for loss of means of support as a result of the fatal shooting on July 17, 1954 of James Dillon, husband and father, respectively, of the two plaintiffs, by one Carl Swenson, an intoxicated person, who allegedly was sold or given alcoholic liquor by the defendants, thereby rendering him intoxicated. All of the defendants answered the complaint. For the present purposes, the essential facts, as to which there seems to be no controversy, may be considered to be as follows: At the time of James Dillon's death, he was employed as a night clerk at the Eastman Hotel, Rockford, which was owned and operated by Robert Eager. Robert Eager carried workmen's compensation insurance covering his employees in the operation of the hotel with Auto Owners (Mutual) Insurance Company. James Dillon, by reason of his employment and the circumstances of his injury was covered by the Workmen's Compensation Act. His death arose out of and in the course of his employment by a pistol wound inflicted by Carl Swenson, the intoxicated person. Carl Swenson was not an employee of the Eastman Hotel or Auto Owners (Mutual) Insurance Company. The death of James Dillon was not proximately caused by any negligence of the employer, Robert Eager, or of any of his employees.

Prior to the filing of the Dram Shop suit, Robert Eager, d/b/a Eastman Hotel, entered into a lump sum settlement contract, through his foregoing workman's compensation insurer, providing for a lump sum settlement with Beulah Dillon only, the widow of James Dillon, which contract was approved by the Industrial Commission. Joan Dillon, the daughter of James Dillon, and one of the plaintiffs in the later Dram Shop suit, was not listed in the compensation case as a dependent of James Dillon, her father, or mentioned in the workmen's compensation lump sum settlement contract. By that settlement Robert Eager, d/b/a Eastman Hotel, or his compensation insurance carrier, paid

292

Beulah Dillon only, the widow, $6375 workmen's compensation on September 3, 1954. It does not appear that there are any pending administration proceedings on the estate of the deceased employee, and, in any event, it does not appear that Beulah Dillon (or Joan Dillon) is the personal representative thereof.

Thereafter, following the institution of the Dram Shop suit, Robert Eager, d/b/a Eastman Hotel, and Auto Owners (Mutual) Insurance Company, sought leave to intervene as parties plaintiff in the Dram Shop suit, claiming a right to be subrogated to the extent of the $6375 workmen's compensation payment, and sought to impress a lien to that extent upon any judgment entered in that suit in favor of the plaintiffs. The appellants' procedure took the form of a Motion on April 18, 1955 to join in the suit and that all orders be made for their protection so that no release or settlement in the action or satisfaction of judgment be valid without their consent, and a Notice of Lien and Subrogation Interest of April 19, 1955 claiming a lien on any amounts recovered by the plaintiffs to the extent of the workmen's compensation paid. Subsequently, in the Dram Shop suit a series of judgments, agreed upon by the plaintiffs and defendants, were entered June 20, 1955 totalling $3,000 in favor of the plaintiff Beulah Dillon, and $3,000 in favor of the plaintiff Joan Dillon. The Court thereafter, on August 19, 1955, denied the Motion to Intervene of Robert Eager, d/b/a Eastman Hotel and Auto Owners (Mutual) Insurance Company, found that they had no right of subrogation, no right to a lien on the judgments in favor of the plaintiffs, and no right to intervene, and denied the motion to impress a lien on the judgments in favor of the plaintiffs. It is from this order that Robert Eager, d/b/a Eastman Hotel, and Auto Owners (Mutual) Insurance Company appeal. A subsequent order directed the Clerk to hold the money meanwhile paid on the judgments, pending the present appeal. The appellants here ask that the

■■■■■■■

order of August 19, 1955, be reversed, their motion to intervene be granted, that they be found to have a right of subrogation and lien interest in the judgments of June 20, 1955, and that the Clerk be directed to pay the $6,000 to the appellants.

The appellants, Robert Eager, d/b/a Eastman Hotel and Auto Owners (Mutual) Insurance Company, the employer and his workmen's compensation insurer, claim the right to intervene in the Dram Shop suit of the widow and child of the employee, to be subrogated, and to have a lien on the judgments therein in favor of the plaintiffs by reason of the provisions of Ch. 48, Ill. Rev. Stats., 1953, par. 138.5.

Ch. 48, Ill. Rev. Stats., 1953, par. 138.5, being Section 5 of the Workmen's Compensation Act of 1951, as amended in 1953, provides, so far as material:

"Sec. 5. (a) . . .

"However, in any action now pending or hereafter begun to enforce a common law or statutory right to recover damages for negligently causing the injury or death of any employee it shall not be necessary to allege in the complaint that either the employee or the employer or both were not governed by the provisions of this Act or of any similar Act in force in this or any other State.

. . . . .

"(b) Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his

personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to the provisons of paragraph (a) of Secton 8 of this Act.

"If the injured employee or his personal representative shall agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the said employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

"In such actions brought by the employee or his personal representative, he shall forthwith notify his employer by personal service or registered mail, of such fact and of the name of the court in which such suit is brought, filing proof thereof in such action. The employer may, at any time thereafter join in said action upon his motion so that all orders of court after hearing and judgment shall be made for his protection. No release or settlement of claim for damages by reason of such injury or death, and no satisfaction of judgment in such proceedings, shall be valid without the written consent of both employer and employee or his personal representative, except in the case of the employers, such consent shall not be required where said employer has been fully indemnified or protected by. Court Order.

"In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to 3 months before said action would be barred at law said employer may in his own name, or in the name of the employee, or

his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, including amounts paid or to be paid pursuant to the provisions of paragraph (a) of Section 8 of the Act, and costs, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability."

Referring particularly to the provisions of subparagraph (b) of that section, the present Dram Shop suit of the widow and child of the employee, in which the employer and his workmen's compensation insurer seeks to intervene, to be subrogated, and to impress a lien on the plaintiffs' judgments is not an action *"brought by the injured employee or his personal representative"* in which a judgment has been obtained and paid or settlement made, within the language thereof. No amount has been or will be *"received by such employee or personal representative"* in this suit, within the language thereof, from which could be paid to the employer the amount of compensation paid by him. The *"injured employee or his personal representative"* have not here agreed to receive compensation from the employer or accepted from the employer any payment on account thereof or instituted proceedings to recover the same, and there is no *"award, judgment or fund out of which such employee might be compensated from such third party"* upon which the employer can possibly *"have or claim a lien,"* within the language thereof. This not being an action *"brought by the employee or his personal representative,"* the plaintiffs are not thereby required to notify the employer thereof; the employer is not entitled to join

296

therein upon his motion; and the written consent of the employer is not necessary to a valid release or settlement of claim or satisfaction of judgment herein, the claim or claims of the plaintiffs herein not being a *"claim for damages by reason of such injury or death"* as referred to in the statute, and this present suit not coming under the terminology *"such proceedings"* as used in the statute.

The phraseology *"personal representative"* as used in that subparagraph (b) with respect to suits against third parties, amounts received therein, and workmen's compensation payments received, which the appellants argue means and includes a widow or child of a deceased employee, has, we believe, instead, its ordinary, commonly accepted meaning and connotation, and means simply the administrator, or executor, or party in like official capacity, of a deceased employee, or the conservator or guardian of an incompetent or minor employee, there being nothing in the context or surrounding circumstances to indicate a contrary intention. See: Johnson v. Van Epps (1884) 110 Ill. 551. Elsewhere in the Workmen's Compensation Act the terminology *"personal representative"* or *"legal representative"* is used in various places in connection with and as clearly distinct from widow, children, beneficiaries, heirs, or next of kin, and as clearly meaning the official representative of a deceased or incompetent or minor employee: Ch. 48, Ill. Rev. Stats., 1953, pars. 138.1 (b) 1, 138.6 (b), 138.7 (i), 138.9, 138.19 (j), 138.23. There is no reason to believe *"personal representative"* as used in par. 138.5 means anything different from what it means elsewhere in the Act or anything other than, as it usually does, the administrator, executor, or party in like official capacity, of a deceased employee, or the conservator or guardian of an incompetent or minor employee. The appellants have referred us to no authority, and we know of none, to the effect that that phraseology here

297

has some meaning other than its usual, ordinary meaning.

The purpose and object of this par. 138.5 of the Workmen's Compensation Act, so far as now material, is made particularly clear by the opening sentence of subparagraph (b) which reads: "Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and *was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages,* then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act.", and by the second paragraph of the preceding subparagraph (a) which reads: *"However, in any action now pending or hereafter begun to enforce a common law or statutory right to recover damages for negligently causing the injury or death of any employee* it shall not be necessary to allege in the complaint that either the employee or the employer or both were not governed by the provisions of this Act or of any similar Act in force in this or any other State.", and by the last paragraph of subparagraph (b) which reads, in part, "In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to 3 months before said action would be barred at law said employer may in his own name or in the name of the employee, or his personal representative, commence *a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, . . .*" The meaning, purpose, object, and proper interpretation of paragraph 138.5, must be derived from the whole paragraph, in the light of its history and the prior judicial construction of analogous portions of the Workmen's Compensation Act formerly in effect, and not just

298

from the phraseology "was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages" in subparagraph (b), as the appellants seek to do.

Paragraph 138.5, so far as now material, was intended to provide for the case where the injury or death of an employee for which workmen's compensation is, in any event, payable by the employer was not proximately caused by the *negligence* of the employer or his employees, but was caused by the *negligence* of some third party creating a legal liability for damages on the part of that third party, for which an action would lie either by the employee or his personal representative to enforce a common-law or statutory right, under the wrongful death statute, to recover damages for so negligently causing the injury or death of the employee, and to permit legal proceedings to be taken against such third party to recover such damages for such injury or death, notwithstanding the employer's payment of or liability to pay workmen's compensation, and, further, to permit in those cases a method of indemnification of or repayment to the employer out of any such recovery of the compensation he had paid or become liable for, with concomitant rights in the employer in those cases to a lien on any award, judgment, or fund, and to join in that kind of action, to consent or not consent to releases or settlements of that kind of claim, and to himself commence that kind of proceeding if, under certain circumstances, it was not otherwise instituted. A third party's liability in a case under the Dram Shop Act does not rest on any theory of negligence at all.

So understood as to its purposes and objects, the remaining provisions of par. 138.5, and particularly of subparagraph (b) thereof, are logical, cohesive, comparatively simple, and relatively easy to apply in the types of cases to which it was intended to be applied, namely, suits either at common law or under the wrong-

ful death statute by the employee or his personal representative for damages on account of his injuries or death negligently caused by the third party, and the indemnification of or repayment to or recoupment by the nonnegligent employer therein of the compensation he'd paid or become liable for. Those provisions, on the other hand, are anomalous, incongruous, inapposite, and inappropriate when attempted to be applied to a case of the type of the case at bar.

Subparagraph (b) of par. 138.5 is substantially similar to a part of Section 29 of the former Workmen's Compensation Act (Ch. 48, Ill. Rev. Stats., 1949, par. 166), formerly in effect, in substance, with some amendments, since 1913. The judicial construction, interpretation and observations in cases arising under Section 29 of the former Act are equally applicable and apposite to the consideration of the corresponding provisions of subparagraph (b) of par. 138.5: Angerstein, Ill. Work. Comp., Vol. 2, pp. 45–46, 70. Subparagraph (b) of par. 138.5 relates to the rights of the employee and the employer in cases where the employee is injured in the course of his employment solely by the negligent act of a third party: Angerstein, supra, Vol. 2, p. 28. The legislative objective, as judicially construed in cases arising under Section 29 of the former Act, was to afford a remedy for reimbursement of a nonnegligent employer who has been compelled to pay compensation to an employee or his dependent as a direct result of the negligence of a third party: Angerstein, supra, Vol. 2, pp. 46, 70, 71. It is essential in order that there be an action against the third party that there be a legal liability for damages; the complaint must state a good common-law cause of action and the proof must establish a good common-law or statutory right of recovery of damages for negligence or wrongful death; the negligence of the third party must be the proximate cause of the injury or death: Angerstein, supra, Vol. 2, pp. 57, 58, 59, 81.

300

· Under the former Section 29, the predecessor of the present subparagraph (b) of par. 138.5, the common-law right of action for the injury of an employee against the third party whose neglect caused the injury is preserved for the indemnification of the employer for workmen's compensation paid or allowed where the injury arose out of and in the course of the employment, and for the benefit of the employee: Gones v. Fisher (1919) 286 Ill. 606. The purpose of Section 29 was to require the indemnification of the employer who has not been negligent, out of the recovery against the third party whose negligence caused the injury; wherever an action lay against the third party an ordinary action on the case for negligence was the proper form of action,—the action was merely a common-law action for negligent injury: O'Brien v. Chicago City Ry. Co. (1922) 305 Ill. 244; Keeran v. Peoria, B. & C. Traction Co. (1917) 277 Ill. 413; Melohn v. Ganley (1951) 344 Ill. App. 316. The section provided for an action against the third party negligently causing the injury or death of the employee,—the cause of action was not a new cause of action created by Section 29 but was the employee's or his personal representative's cause of action existing independently thereof: Schlitz Brewing Co., Joseph v. Chicago Rys. Co. (1923) 307 Ill. 322. It was the intention thereof to subrogate the employer to the rights of the employee or his personal representative in cases where workmen's compensation had been paid but the injury or death was caused by the negligence of some third person: Baker & Conrad, Inc. v. Chicago Heights Const. Co. (1936) 364 Ill. 386. Its purpose was to require the indemnification of the non-negligent employer who is without fault out of the money recovered from a negligent third person who caused the injury or death of the employee: Huntoon v. Pritchard (1939) 371 Ill. 36; F. K. Ketler Co. v. Industrial Commission (1946) 392 Ill. 564. The section dealt with negligence actions against third persons by

employees or employers: Grasse v. Dealer's Transport Co. (1952) 412 Ill. 179; Geneva Const. Co. v. Martin Transfer & Storage Co. (1954) 4 Ill.2d 273.

The appellants have referred us to no case, and we know of none, and Angerstein, supra, refers to none where either Section 29 of the former Act, or par. 138.5, of the present Act, have been held applicable to and applied to a cause of action, action, suit, or proceeding against a third party under the Dram Shop Act, and the attempted indemnification or recoupment thereby of a nonnegligent employer, or where either has been held applicable to and applied to anything other than a common-law or statutory negligence cause of action, action, suit, or proceeding by the employee or his personal representative (or the employer or his workmen's compensation insurer) against a third party for damages for negligently causing the injury or death of the employee, and, in turn, the indemnification or recoupment of a nonnegligent employer.

The Dram Shop Act, Ch. 43, Ill. Rev. Stats. 1953, par. 135, under which the present suit is brought, provides, so far as material:

"Sec. 14. Every husband, wife, child, parent, guardian, employer or other person, who shall be injured, in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person; . . ."

A cause of action thereunder is not a common-law action; it is not based upon and does not depend upon negligence at all; it is entirely statutory in character: Schroder v. Crawford (1880) 94 Ill. 357; Douglas v. Athens Market Corp. (1943) 320 Ill. App. 40, First Dist.; Thompson v. Wogan (1941) 309 Ill. App. 413,

First Dist. The basic purposes and objectives of the Dram Shop Act and the Wrongful Death Act are essentially different, they are based on different powers of the state, and the rights created under each statute do not rest upon the same basis: Howlett v. Doglio (1949) 402 Ill. 311. The causes of action under the Dram Shop Act lie severally, separately, distinctly, and individually in each respective husband, wife, child, parent, guardian, employer, or other person who shall be injured in the manner there referred to, subject to the separate financial maximum limit on each, and each has a right of action in his or her own name which is in nowise dependent on the others or aided, hindered, or controlled by the others: Stecher v. People for Use of Morton (1905) 217 Ill. 348; Childers v. Modglin (1954) 2 Ill.App.2d 292, Fourth Dist.; Glasco v. Fakes (1908) 143 Ill. App. 378. The plaintiff Beulah Dillon, individually, has her cause of action thereunder, in her own name, as the surviving wife of the deceased employee, for her injuries in person, or property, or means of support. That cause of action lies in her individually. It is not a cause of action of the deceased employee or of the personal representative of his estate for negligently causing the injury or death of the employee. It is entirely distinct from whatever, if any, statutory cause of action there may be in the personal representative for wrongful death of the deceased employee. Whatever recovery she individually receives on this present cause of action in this present suit is necessarily hers individually. It does not belong to the employee or his estate; nothing will be herein received by the employee or his personal representative; and the employee or his personal representative will be in no way compensated herein from the defendants third parties. And the same applies, of course, to the plaintiff Joan Dillon, individually, and her cause of action herein in her name, as the surviving child of the deceased employee.

303

The amount of workmen's compensation here paid, $6375, was not paid to the employee, deceased, or to his personal representative. It was paid to Beulah Dillon, the widow, pursuant to and in discharge of the statutory obligation of the employer and his insurer under the Workmen's Compensation Act, existing independently of whether the employer and insurer have any right of indemnification or recoupment from anyone else, she evidently being the person who formed the basis for determining the amount of compensation to be paid by the employer: Ch. 48, Ill. Rev. Stats., 1953, par. 138.7 (a) and (e). Neither the injured employee or his personal representative agreed to receive compensation, or accepted any payment thereof on account, or instituted any proceedings to recover such.

■■ The statute, Ch. 48, Ill. Rev. Stats., 1953, par. 138.5, upon which the appellants rely, is, therefore, not here applicable, gives them no right to intervene in this Dram Shop suit, gives them no right to be subrogated, and gives them no lien on the judgments herein in favor of the plaintiffs.

A considerable part of the brief of the appellants is, in addition, devoted to urging that they, as the employer of the deceased employee, and his workmen's compensation insurer, have been injured in their property by the intoxicated person, or in consequence of that person's intoxication, because of the required workmen's compensation payment made by them to the employee's widow, and that they hence have right of action in their own names against the defendants who allegedly sold or gave alcoholic liquor to that person and thereby caused such intoxication, pursuant to the Dram Shop Act, Ch. 43, Ill. Rev. Stats., 1953, par. 135, and many of the authorities they cite are cited as being in support of that theory. That theory and contention, if we understand it correctly, is entirely separate from and disassociated from the particular provision of the Workmen's Compensation Act otherwise

here under consideration, Ch. 48, Ill. Rev. Stats., 1953, par. 138.5. That argument presents a question on facts which are not in this case. This is not a suit by the employer or his compensation insurer against these defendants under the Dram Shop Act and we are not called upon to determine whether there is or is not such a right of action in the appellants thereunder as they urge. This is a suit by the widow and child of the employee against these defendants under that Act for their alleged injury in their means of support. Even if the appellants' theory in this respect were correct and there were a right of action in the appellants under the same Act against these same defendants for which they could maintain a separate suit themselves, which we do not determine one way or the other, that would seem to have no bearing whatever upon the separate rights of action of the widow and child, would not destroy such separate rights, and would not, because thereof, give the appellants a "common law right of subrogation and right of lien" in and to the judgments here recovered by the widow and child on their separate rights of action. The appellants' conclusion from their theory in this respect is "the employer and insurance company now rightly, both legally and equitably, have a common law right of subrogation and right of lien" in and to the plaintiff's judgments herein, and that conclusion, we believe, is a non sequitur, even assuming the theory to be correct, which question, as we say, is not here presented or determined.

The appellants refer to a number of Illinois cases. Some of them we have already commented on,—F. K. Ketler Co. v. Industrial Commission, supra; Huntoon v. Pritchard, supra; Baker & Conrad Inc. v. Chicago Heights Const. Co., supra; Melohn v. Ganley, supra; Gones v. Fisher, supra; O'Brien v. Chicago City Ry. Co., supra. They and, generally speaking, all the other cases so referred to by the appellants involve, in varying forms, and with sometimes different specific phases

305

or points particularly presented, common-law or statutory negligence actions or causes of action by the employee or his personal representative (or the employer or his workmen's compensation insurer) against a third party for damages arising because of the alleged negligent injury or death of the employee, and the application, inter alia, of Section 29 of the former Act to the particular situation presented. None of them (with one exception) have anything to do with a suit or cause of action by anyone against a third party under the Dram Shop Act. And none of them have anything to do with any claimed common-law subrogation principles or rights of the employer or his insurer. Nordland v. Poor Sisters of St. Francis Seraph of Perpetual Devotion (1955) 4 Ill.App.2d 48, was not a suit or action against a third party; it was a suit by the employee against the employer; it has no bearing here. Manthei v. Heimerdinger (1947) 332 Ill. App. 335, was a suit under the Dram Shop Act; it did not involve any employer-employee relationships or the Workmen's Compensation Act; and it has nothing to do with the present case. We do not believe any of the cases so referred to support the appellants' view here.

In Grasse v. Dealer's Transport Co. (1952) 412 Ill. 179, another case cited by the appellants, the plaintiff employee sued a third party for damages for personal injuries allegedly caused by the defendant's negligence; the plaintiff, his employer, and the defendant third party were all under the Workmen's Compensation Act; the first paragraph of Section 29 of the then Workmen's Compensation Act provided that under such circumstances the right of the employee to recover damages was transferred to the employer and the employer might sue therefor in an amount not exceeding the workmen's compensation payable; the Court held that that part of Section 29 was unconstitutional and that the plaintiff employee could so sue in his own

name. In a dictum the Court observed that the effect of its determination was to relegate the parties to such rights as they may have had prior to the enactment of the unconstitutional provision; that their rights, under those circumstances, would be governed by common-law subrogation principles; the nonnegligent employer who had paid compensation would be subrogated to the employee's rights against the third party; and the employee would be required to reimburse the employer for the compensation from the sum recovered from the third party.

In Geneva Const. Co. v. Martin Transfer & Storage Co. (1954) 4 Ill.2d 273, also referred to by the appellants, the Court held, inter alia, that, under the status of the law after the first paragraph of Section 29 of the then Workmen's Compensation Act had been determined to be unconstitutional in Grasse v. Dealer's Transport Co., supra, and before the later 1953 changes therein (which is the form of the statute now applicable in the case at bar), a nonnegligent employer could recover from a negligent third party, who was also under the compensation act, the workmen's compensation paid to the employee injured by the third party's negligence, upon common-law subrogation principles; the Court said the remedy of common-law subrogation in workmen's compensation cases is largely academic because most states have statutory provisions giving the employer or his insurer recourse against the negligent third party wrongdoer, and that the 1953 amendments to the Act, Ch. 48, Ill. Rev. Stats., 1953, par. 138.5 (the statute now applicable to the case at bar), now provide a mode or statutory subrogation for employers.

██ If the appellants here are relying upon some claimed common-law right of subrogation, of lien, and of intervention, separate from and independent of their claims under the statute, Ch. 48, Ill. Rev. Stats., 1953,

par. 138.5, which matter is not made clear in their briefs, such is a claim or theory evidently not presented to and urged in the trial court, and they may not try their case on one theory in that court and, to that extent, upon a distinct and wholly different theory in the Appellate Court: Davis v. Illinois Collieries Co. (1908) 232 Ill. 284; Illinois Cent. R. Co. v. Heisner (1901) 192 Ill. 571. Beyond that, the dictum in Grasse v. Dealer's Transport Co., supra, and the holding in Geneva Const. Co. v. Martin Transfer & Storage Co., supra, do not, we believe, support such common-law claim or theory here in any event; the present causes of action here involved are not common-law or statutory negligence causes of action and they are not causes of action of the employee or his personal representative, as were involved and to which the employer was said to be subrogated in those cases; the present compensation act, Ch. 48, Ill. Rev. Stats., 1953, par. 138.5, being presumed to be constitutional, not having been determined to be otherwise, and no constitutional question being here presented, now provides what may be referred to as a mode of statutory subrogation, in effect, for employers in cases where the injury or death is not proximately caused by the negligence of the employer or his employees and is caused under circumstances creating a legal liability for damages on the part of a third party,—a mode of statutory subrogation which did not exist in Grasse v. Dealer's Transport Co., and Geneva Const. Co. v. Martin Transfer & Storage Co., and that statute presumptively is complete and controls, the legislature having thereby spoken on the subject of third party liability and the rights of an employer to so-called subrogation, to repayment of any compensation out of any amount received from a third party, to a lien upon anything received from such third party, to joining in suits against such third party, to consenting to re-

leases or settlements of claims against such third party, and to bringing suits against such third party when the suit had not been brought otherwise by someone else. If the legislature had intended to provide for indemnification of or recoupment by a nonnegligent employer in some other instances or modes than it has provided for it ·could readily have said so. Generally the express mention of one or more things or modes of action in a statute impliedly excludes other things or modes of action: Blakeslee's Storage Warehouses, Inc. v. City of Chicago (1938) 369 Ill. 480; Great Northern Refining Co. v. D. K. Jeffris Lumber Co. (1923) 308 Ill. 342. Whatever so-called subrogation rights, lien rights, or intervention rights an employer claims in the premises must now be founded on that statute, and if it does not cover the case at hand, as it does not here, there are no such rights.

The appellants say that since Joan Dillon, the daughter of the employee, and one of the plaintiffs herein, was not listed as a dependent in the workmen's compensation proceeding, it constituted a gross fraud on the appellants to enter the judgments herein for $3000 in her favor without the written approval of the appellants, and such are not binding on them. No authority is cited for that, no further reason therefor or explanation thereof is given other than the general statement of the proposition, and we do not understand the logic thereof. It does not appear whether Joan Dillon was or was not legally a dependent of the employee under the compensation act, and should or should not have been classed in the compensation proceeding, but if she was such a dependent thereunder and should have been so classed the failure to do so apparently could not have hurt the appellants but rather have benefited them, as evidently the compensation award could have been greater than it was had she been so included. How that makes the judgments in this cause in her

favor a gross fraud on the appellants, we do not perceive.

The order of August 19, 1955 will, therefore, be affirmed.

Affirmed.

DOVE, P. J. and EOVALDI, J., concur.