ERIC M.V. STILP, Plaintiff-Appellant, v. MID STATES CORPORATION CONVEYING AND FABRICATING SPECIALISTS, Indiv. and d/b/a Mid States Corporation, Defendant-Appellee.

First District (4th Division)   No. 1—93—3354

Opinion filed December 8, 1994.

John L. Drumm, of Law Offices of John L. Drumm, of Chicago, for appellant.

D. William Porter and Scott A. Labow, both of Stevenson, Rusin & Friedman, Ltd., of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

The issue framed by this appeal is whether the filing of a worker's compensation claim by a minor's father as "father and next friend" amounts to the act of a legal representative under section 5(a) of the Workers' Compensation Act (820 ILCS 305/5(a) (West 1992)). We hold that it does and reverse the trial court's order·dismissing plaintiff's cause of action.

Plaintiff, Eric Stilp, injured his hand on June 22, 1990, while working at defendant's factory. He was 15 years old.

Michael Stilp, as the father and next friend of Eric Stilp, filed a worker's compensation claim on Eric's behalf with the Illinois Industrial Commission on September 11, 1992. Eric Stilp turned 18 on September 19, 1992. He personally filed a rejection of worker's compensation benefits on January 15, 1993, under section 5(a) of the Workers' Compensation Act (Act) (820 ILCS 305/5(a) (West 1992)). That section provides:

> "Any illegally employed minor or his legal representatives shall, except as hereinafter provided, have the right within 6 months after the time of injury or death, or within 6 months after the appointment of a legal representative, whichever shall be later, to file with the Commission a rejection of his right to the benefits under this Act, in which case such illegally employed minor or his legal representative shall have the right to pursue his or their common law or statutory remedies to recover damages for such injury or death." 820 ILCS 305/5(a) (West 1992).

Plaintiff filed this civil action on January 19, 1993. Defendant

filed a motion to dismiss under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)), claiming that plaintiff failed to file a timely rejection of his rights under section 5(a) of the Act and so waived his right to file a civil action. The court granted defendant's motion to dismiss and stated:

"I will grant the motion based on the fact that I can't find a clear representation of a legal representative. It wasn't filed six months from the date of legal representative or six months from the date of the injury. I will make that ruling specific, and that is what the statute says."

Plaintiff argues on appeal that the trial court erred when it ruled there was no appointment of a legal representative. Plaintiff contends that Michael Stilp became Eric Stilp's legal representative when he filed the worker's compensation claim as Eric Stilp's father and next friend on September 11, 1992. We agree. One who represents the interests of a minor child in litigation is a legal representative.

Defendant argues "[i]f a representative was appointed then the appointment must have occurred on or prior to April 3, 1992," the date Michael Stilp authorized and then signed the worker's compensation claim in his lawyer's office, rather than the date it was filed. We find no merit to this argument. Defendant offers no case law to support it. A legal representative means the official representative of a minor. (See *Dillon v. Nathan* (1956), 10 Ill. App. 2d 289, 135 N.E.2d 136, *cited in People ex rel. Illinois State Police v. Hamm* (1978), 58 Ill. App. 3d 177, 180, 374 N.E.2d 15.) Michael Stilp's role as a legal representative of Eric Stilp took effect when he filed the worker's compensation claim with the Industrial Commission on September 11, 1992, naming himself as "father and next friend" in the pleading. Plaintiff filed a rejection of benefits within six months of this date and so preserved his right to pursue common law and statutory remedies under section 5(a) of the Act.

Reversed and remanded.

HOFFMAN, P.J., and THEIS, J., concur.